HeNDERson, Chief-Justice..
 

 Recitals in- a deed arc estoppels when they are of the essence of the
 
 contract;
 
 that is, where unless the facts recited exist, the contract' it is presumed, would not have been made. As if A recites, that he is seized' in fee of certain lands, which he bargains and sells in fee. He is estopped to deny that, he is seised in fee, for without such seisin, it is fair to presume that the contract would not have been made. But if the recital be that he is seised in fee by purchase from C, here neither .the bargainor nor bargainee is •estopped from averring and proving, that he-is seised by
 
 *110
 
 purchase from D, unless it appeal", that the seisin in fee by purchase from C was part of the contract, and without which it would not have been made. For ordinarily fiie seisin only is of the essence of the contract, and how and from whom derived are but circumstances. So of every other recital. And this distinction reconciles the many apparent' contradictions in the hooks, some declaring that recitals are estoppels, and others that they are not. In the case under consideration, that, the
 
 feme
 
 was the wife of
 
 Jacks,
 
 was not. of the essence of the contract. It formed no part of it. It was a mere circumstance of description, more unfavorable to the defendant? or rather the bargainee, than if she liad been sole. For if sole, the deed was effectual by sealing and delivery. If she was covert, her private examination was necessary to make it her deed. In truth, her coverture was a fact, lor which the bargainee neither gave nor received any thing. Nor did ho on that account receive any thing by the deed, which he would not have received, if she had been sole. Neither did it form the basis, nor in any manner move or conduce to the contract. It is ■ therefore mere matter of evidence, and like all other evidence may he rebutted by contrary proof. The evidence therefore, that Jacks had another wife living at the time of the marriage, disproving the recital, was properly admitted. . ,
 

 But the case does • not rest upon general reasoning. If A. S. by her deed, reciting that she is a
 
 feme covert,
 
 when in truth she is
 
 a feme
 
 sole,
 
 grants
 
 an annuity, it is a good grant, for that is hut a void recital, although the grantee had not put it in his writ$ and it cannot be a conclusion to him, when he shows
 
 the
 
 deed. (Viner’s
 
 Ab. M. s.
 
 8
 
 pl.
 
 11.
 
 Perkins s,
 
 40.) So if
 
 a feme covert,
 
 reciting by her deed that she is
 
 a feme
 
 sole, grant an annuity, this a void grant, and she shall not be concluded by this recital.
 
 (Perkins 41, note.)
 

 The
 
 other position taken by the plaintiff’s counsel, that a. husband
 
 defacto,
 
 embracing Ithe case of
 
 Jacks,
 
 in the present • instance, is entitled to all the rights of a husband
 
 de jare,
 
 and the wife subject to all the disabiii-.
 
 *111
 
 ties of
 
 afemetovert,
 
 leads, 1 think, to consequences, which make the proposition
 
 felo de se.
 
 It gives all the rights of a Jmsband, both to the person and the property of any woman whom he may either deceive or persuade tohavethe marriage ceremony-performed between themj and all atthe same.time, thereby investing him with marital rights over one hundred women, it cannot be so. The cases bear the counsel out only in this ; (which is reasonable)) that in all but a few cases, perhaps only in cases
 
 of crim. con.
 
 and those which affect the husband in his conjugal rights, an actual legal marriage need not be proven. In those oases it will not do to infer á marriage from circumstances, as long cohabitation, or the like. But in other cases, a marriage may be inferred from those circumstances. In cases of the latter kind,
 
 “
 
 never united in legal matrimony” is a bad plea; because it draws the question from the courts of common law to the ccclesi-astical courts, which require proof of an actual marriage, celebrated according to the forms of the church.’ 'Whereas, if left to be tried- on the fact of marriage, it will then be tried upon such proofs as the party may offer, viz: either proof of an actual marriage, or proof of long cohabitation. It is not to be inferred from this distinction, that courts of common law will sanction a marriage, by giving to the husband the marital rights, where it is shown that he is entirely incapable of contracting marriage, from any cause, as from having a wife living at the
 
 time;
 
 atibo’ the second marriage is attempted to be proven, by showing that the marriage ceremony was actually performed ; or by showing a cohabitation and leaving it to bo inferred. Whatever may be the effects of such a marriage, whether actually proven or inferred from cohabitation and the like, as to the acts of the woman whom the man cabs his wife, in regard to the rights of others, I am satisfied, it confers on him no rights, and imposes on her no disabilities.
 

 Where tliehus band sues for an injury to his marital rights, he must prove the solemnization of the marriage!
 

 But in those, not a pro-bTinfSed fi-oui circumstances,
 

 Per Curiam. — -.Iuugmewt .ívttrmeií.