RAWLS v. WHITE.

(October 9, 1900.)

1. *Evidence—New Trial.*

Where a question which witness is not permitted to answer is
afterwards asked and answered without objection, does not
constitute ground for new trial.

2. *Husband and Wife—Wife's Property—Assignment.*

A promissory note, the property of the wife, may be assigned by
endorsement of both husband and wife.

3. *Estoppel—Laches.*

The laches of a person who can not read, in not having a receipt
read to her, does not estop her from setting up her rights
under it.

4. *Receipt—Evidence—Contract.*

A party setting up and claiming benefits under a receipt is
bound by all its terms.

5. *Costs.*

That defendant, at close of evidence, admits plaintiff's right to
the relief demanded, does not bar right of plaintiff to re-
cover costs.

CIVIL ACTION by J. B. Rawls and wife against T. J. White
and others, heard by Judge *A. L. Coble,* and a jury, at Spring

127——2

Term, 1900, of HERTFORD Superior Court. From judgment for defendants, the plaintiffs appealed.

*Winborne & Lawrence,* for plaintiffs.
*Shepherd & Shepherd,* for defendants.

FURCHES, J. The plaintiffs, J. B. Rawls and wife Sarah Rawls, neither of whom could read or write, alleged: That the plaintiff, J. B. Rawls, owed W. J. White a debt evidenced by note of $110, to secure the payment of which, on the 21st day of January, 1892, the plaintiffs executed a mortgage on land belonging to the wife. This note was assigned to one Perry, and is called the "Perry Note." That on the 31st day of December, 1895, the *feme* plaintiff was the owner of a note given by Jernigan and Tripp for land she inherited from an aunt. That on the said 31st day of December this note for $210 was delivered to the defendant T. J. White by the plaintiff J. B. Rawls, and indorsed by him at the time of delivery, at which time the said White gave the said J. B. Rawls the following receipt: "I have this day received of J. B. Rawls a note given to him and his wife for their interest in their Kentucky property, dated September 7, 1895, given for the amount of $210, for which I hereby agree to pay off and take in a mortgage against him held by J. W. Perry Co., of Norfolk, Va.; said note given for $110, and transferred to him by W. J. White. I, after deducting the amount of said note, and what he may owe me for store account, agree to pay balance over to him. December 31, 1895. (Signed) T. J. White." This receipt the husband carried home and gave his wife, and she told him to put it in the drawer. At the time this receipt was given, and the $210 note indorsed by the husband, the defendant T. J. White told J. B. Rawls to tell his wife to come down and indorse the note, so he could

RAWLS *v.* WHITE.

collect it.   The husband delivered this message to his wife, who went to the defendant's store the next day, or the day following, and indorsed the note by making her mark to her name.   We hear nothing more of this transaction until a short time before this action was commenced, when the defendants advertised the land mortgaged to secure the $110, or the Perry note, when the plaintiffs commenced this action to enjoin the sale, alleging that the defendant T. J. White had collected the said $210 and paid off the Perry note out of the proceeds thereof, and also to recover the balance left of the $210 note after satisfying the Perry note.   The *feme* plaintiff alleged that the $210 was her property, given for the purchase of her land, and that the defendant knew this; that neither she nor her husband could read or write, and the defendant knew this.   And she alleges that she gave the note to her husband to deposit with the defendant White to collect and pay off the Perry note; that she could not and did not read the receipt brought home by her husband, and supposed it properly stated the conditions upon which said note was delivered to the defendant, and, as above stated, until her land was advertised for sale to satisfy the Perry debt.   She also alleges that when she indorsed the $210 note she said to White that whatever remained after paying the Perry debt was to be paid to her, and that the defendant White agreed to this. The defendant White in his answer admitted that he knew the $210 note was given for land belonging to the *feme* plaintiff, and that he knew that she could neither read nor write. But he denied that he made any contract with the *feme* plaintiff at the time she indorsed the note, or at any other time, and insisted that he had the right to apply the whole of the proceeds to the husband's account, and, as the Perry note had been assigned to him, he had the right to foreclose the mortgage given to secure the $110 note, by sale of the *feme* plaintiff's land.

The *feme* plaintiff, while on the witness stand, was asked three times, in somewhat modified terms, to state the conversation between her and the defendant White when she indorsed the note, and to state if there was any contract between them at that time. These questions were objected to by the defendants, and she was not allowed to answer. This was error, and would entitle the plaintiff to a new trial. But further on in her examination she was again asked the same question, and was allowed to answer without objection. This question and answer cured the error of the Court in ruling it out when asked before.

The plaintiffs contend that no title or right passed to the defendant White by the indorsement, and cite *Walton v. Bristol,* 125 N. C., 419, as authority for this contention. But upon examination it will be seen that *Walton v. Bristol* is not an authority for this position. In that case the husband did not indorse the note, but only the wife, while in this case both husband and wife signed (indorsed) the note. And therefore it falls within the doctrine of *Farthing v. Shields,* 106 N. C, 289 ; *Jones v. Craigmiles,* 114 N. C., 613 ; *Jennings v. Hinton,* 126 N. C., 48, and *Bates v. Sultan,* 117 N. C., 94.

The Court seems to have charged the jury fully and correctly as to whether there was a contract entered into between the plaintiff and the defendant White at the time she indorsed the note. The defendant testified that there was not, and, under the charge of the Court, the jury must have so found.

The plaintiffs further contend that the *feme* plaintiff testified that she could neither read nor write, and that she did not know the contents of the receipt, and, although she kept it for so long a time without having it read, that this was no more than laches on her part, and does not estop or bar her

from setting up her rights.    This, we think, as a single propo-
sition of law, is true, and it seems to have been so held in the
charge of the Court in this case.    But as the jury must have
found that there was no contract entered into by the defend-
ant with the *feme* plaintiff, and as it was admitted that she
indorsed the note to the defendant, her rights depended upon
the written receipt which she introduced in evidence.    As she
introduced this receipt in evidence, and claims benefit under
it, she was bound by the provisions that were against her.
She could not accept a part and reject a part.    If she ac-
cepted its benefits, she must submit to its burdens.    And un-
der the terms of this receipt she was not entitled to the residue
of the $210 note after paying the Perry debt.

We see no relief for the plaintiff, except to correct the
judgment as to costs.    The principal ground of plaintiff's ac-
tion was to have the Perry debt declared paid, and to have
the note and mortgage surrendered for cancellation.    In this
she succeeded, and had judgment for the surrender and can-
cellation.    And it makes no difference that the defendant,
after denying her right to this relief, admitted at the close of
the evidence that she was entitled to it.    The first exception
of the plaintiffs is that the judgment does not give the plain-
tiffs their costs, and, as we see no reason why they are not en-
titled to it, this exception is sustained, and the judgment will
be so reformed as to give the plaintiffs their costs, and the
costs of this appeal will be taxed against the defendants.
There is error.    Judgment will be modified in accordance
with this opinion.

Error.