SARAH WALKER and husband v. ELLA TAYLOR.

(Filed 20 March, 1907).

1. **Lands—Devise—Rule in Shelley's Case.**—Land devised by testatrix to her three daughters during their natural lives and the natural lives of the survivors, with remainder over to the heirs at law, providing that should any of the daughters die without issue of her body the share of such daughter shall go to the other daughters, share and share alike, conveys a joint estate in fee under the application of the Rule in Shelley's Case.

2. **Lands—Estoppel by Deed.**—Plaintiff claiming the inheritance of the land by the right of survivorship of her ancestor under the terms of the will cannot deny the fee-simple title of her grantee under a deed thereto made by her for a valuable consideration.

ACTION to try title to land, tried at February Term, 1906, of WAKE Superior Court, before his Honor, *Ward, J.,* and a jury. From a judgment for defendant, plaintiff appeals.

*J. C. L. Harris* for plaintiff.

No counsel *contra.*

BROWN, J. The plaintiff claims the whole of the land in controversy as the survivor of three daughters of Gatsey Mitchell under the terms of her will, executed 17 November, 1886, devising the land to her three daughters, Sarah Walker, Louisa Ray and Isabelle Mitchell, as follows: "Item 5. I devise my real estate, consisting of a house and lot on Cabarrus Street, where I now reside, to my said executor and trustee, to be by him held in trust for my said three daughters for and during their natural lives and for the survivors or survivor for and during her and their natural lives, with remainder over to the heirs at law of my said three daughters, and should any one of the said three daughters die without issue of her body, then such daughter's share shall at the final distribution of said estate go to the others, share and share alike. My desire being that my said daughters shall live at the old home as long as they live; but should either of them at any time desire to hold her part in severalty, then my said executor and trustee is hereby commanded, upon the written request of either of them, to sell said property within as short a time as can be so as not to sacrifice the same, and equally divide the proceeds between such of said daughters or their heirs as may be living at the time, always to the total exclusion of my said son Henry and his heirs."

The land in controversy is a part of the above-named Cabarrus Street lot conveyed by deed to Louisa Ray and Isabelle Mitchell in the division of said lot by deed executed 31 August, 1893, by Andrew Syme, administrator and

WALKER *v.* TAYLOR.

trustee, and also by these plaintiffs. It appears that on 29 August, 1893, said Syme and Louisa Ray and Isabelle Mitchell executed a similar deed to Sarah Walker for the other part of the Cabarrus Street lot. Both deeds are in form deeds of bargain and sale in fee-simple with full covenants of warranty. Louisa Ray died and Sarah Walker acquired her share by inheritance. Isabelle Mitchell devised her share to defendant, Ella Taylor, by will duly executed 3 January, 1902.

We are of opinion that the plaintiff did not acquire the entire lot by survivorship, and that she is not entitled to the share which Isabelle Mitchell devised to the defendant, for two reasons: 1. The Rule in Shelley's Case is applicable under the terms of the devise made by Gatsey Mitchell to her three daughters, who took thereunder a joint estate of inheritance in fee. Where a freehold estate is either jointly, severally or successively given to two persons who are capable of having a common heir, with remainder to their heirs, the rule operates and such persons take a joint inheritance in fee. 1 Prest. on Estates, 315; 26 Am. and E. Enc. Law, p. 646, and cases cited. Where a devise of an estate was made to W and P of the use of two tracts of land during the respective lives of each, but at their decease to descend to their heirs, it was held that W and P took a fee-simple. *McFeely v. Moore,* 5 Ohio, 464; *King v. Beck,* 12 Ohio, 390.

2. Whether the testator of the defendant took an estate of inheritance or not, or whether Sarah Walker was entitled under the will to possession of the whole for life, it is plain that these plaintiffs are estopped to deny that such testator, Isabelle Mitchell, was seized in fee of the land which she devised to defendant. The deed executed 31 August, 1893, by these plaintiffs, Sarah Walker and her husband, and

Hannah Collins, now Jones, to Louisa Ray .and Isabelle Mitchell, is based upon a valuable consideration and conveys the lot in fee with full covenants of warranty. It is elementary learning that these plaintiffs cannot now defy the fee-simple title of their grantees, and whatever interest they or either of them acquired under the will of Gatsey Mitchell passed by such deed. *Foster v. Hackett,* 112 N. C., 546; *Hallyburton v. Slagle,* 132 N. C., 955; *Bank v. Glenn,* 68 N. C., 38; *Taylor v. Shuford,* 11 N. C., 131; 16 Cyc., 689.

Affirmed.