## M. T. CHILTON v. T. S. GROOME.

(Filed 14 April, 1915.)

**1. Mortgages—Bills and Notes—Stipulations by Mortgagor—Acceptance by Mortgagee—Estoppel.**

Where the seller of lands has drafted and sent to the purchaser a note secured by a mortgage thereon, who by interlineation in both excludes personal liability and returns them to the seller, who keeps them without objection, forecloses the mortgage, applies the proceeds of sale to the note, and then sues for the balance due, he will not be permitted to· retain the benefits of the transaction and repudiate the contract in part; for having accepted the papers with the material change therein, he will be estopped, in the absence of fraud, by his own acts of acquiescence.

**2. Partnership—Trusts and Trustees—Deeds and Conveyances—Misrepresentation by Partner—Fraud—Intent—Evidence.**

Where two persons enter into a partnership for the purchase of lands, and one of them, acting for both, purchases at a less price than he had represented to the other, who in ignorance thereof pays his part, the acts of the purchasing partner are fraudulent upon the other and entitle him to recover the amount in excess of his obligation which he has been called upon to pay; and testimony as to a fraudulent intent is immaterial.

APPEAL by both parties from *Devin, J.,* at May Term, 1914, of FORSYTH.

Civil action tried upon these issues:

1. Did the defendant, with intent to cheat and defraud the plaintiff, falsely and fraudulently misrepresent to the plaintiff the purchase price of the "Freeman Mill" property, as alleged in the complaint? Answer: "Yes."

2. Did the defendant, by such false and fraudulent misrepresentation, obtain from the plaintiff any money, and if so, what amount? Answer: "$750, with interest from date of sale."

3. Is the defendant indebted to the plaintiff on account of the note and deed of trust signed by him, as alleged in the complaint, and if so, in what amount? Answer: "No."

From the judgment rendered, the plaintiff and defendant both appealed.

*N. O. Petree, A. E. Holton, Watson, Buxton & Watson, Winston & Biggs for plaintiff.*

*Barringer & Jones, T. H. Calvert for defendant.*

PLAINTIFF'S APPEAL.

BROWN, J. It appears to be undisputed that the plaintiff and defendant were equal copartners in the purchase of certain lands. Defendant transacted the business and stated to plaintiff that the land cost $6,500. Plaintiff furnished the said sum, and title was made to plaintiff and defendant.

The latter gave plaintiff a note secured by a deed in trust on defendant's half interest in the land to secure his half of the purchase money, $3,250. There was default in payment, and the trustee foreclosed. The plaintiff purchased defendant's interest at the sale for $1,600.

The plaintiff sues in this action to recover balance due on the note.

Plaintiff also alleges that defendant misrepresented the original cost of the land, stating that he paid $6,500 for it, whereas he paid only $5,750. Plaintiff seeks to recover the said sum in this action. Plaintiff appeals and assigns error because the court instructed the jury to answer the third issue "No."

The basis of the ruling is the following clause in the note and deed in trust: "This note is given for the purchase money for the one-half interest in the Freeman Mill property, described in the deed of trust hereto attached, and it is agreed that the land and property therein conveyed shall be the sole security for the $3,250 above mentioned, without further or other liability on my part or any recourse on me for or on account of the indebtedness secured hereby or any part thereof."

The note and deed in trust were prepared by plaintiff, who sent them to defendant for execution. The defendant inserted the above clause in the papers and had the trust deed recorded and returned them by mail to the plaintiff.

There is evidence introduced tending to prove that defendant, under the agreement between him and plaintiff, should not have inserted the above clause, which it is unnecessary to consider. There is no evidence that defendant inserted the clause surreptitiously or fraudulently, and it is admitted that the plaintiff discovered it at once on receipt of the papers, and that plaintiff and defendant had correspondence on the subject, dated 15 February, 1909, the note and deed being dated 30 January, 1909.

The plaintiff took no action to repudiate the contract as executed or to reform and correct the note and deed in trust. On the contrary, he retained them until 28 January, 1911, when he acted under the deed in trust, which contains the same stipulation as the note, and caused the trustee to foreclose the same, and at the sale plaintiff became the purchaser at $1,600.

Such conduct constitutes an unequivocal acceptance and ratification of the terms and stipulations of the note and deed, as executed and returned to plaintiff by defendant. It was the plaintiff's duty at once on receipt of the papers to repudiate them by some overt act, such as returning them or bringing action to reform them and compelling defendant to specifically perform the original contract. Instead of that, he retained them, accepted them and acted under them.

He is, therefore, estopped by the stipulation recited in the note and deed from recovering the balance due after exhausting the security conveyed in the deed. Such stipulation is of the essence of the agreement as embodied in the written instrument and cannot now be denied. The plaintiff cannot be permitted to occupy inconsistent positions. He cannot enforce some of the provisions of the deed and repudiate others. 16 Cyc., 699-721; 2 Hermon on Estoppel, 741; *Brinegar v. Chaffin,* 14 N. C., 108; 17 Cyc., 596; Bigelow on Estoppel (6 Ed.), 744; 2 Hermon on Estoppel, 1156; *Field v. Eaton,* 16 N. C., 284; *Machine Co. v. Owing,* 140 N. C., 503; *Maynard v. Moore,* 76 N. C., 158; *Rich v. Morisey,* 149 N. C., 44; *Austin v. Stewart,* 126 N. C., 527.

The case cited in the plaintiff's brief, *Armstrong, Cator & Co. v. Lonon,* 149 N. C., 434, had reference to the effect of a receipt "in full"; but in *Rawls v. White,* 127 N. C., 17, it was held that stipulations of a contractual nature, even in a receipt, are binding on the parties, and in that case the Court said: "As she introduced this receipt in evidence, and claims benefit under it, she was bound by the provisions that were against her. She could not accept part and reject part."

No error.

### DEFENDANT'S APPEAL.

There are several assignments of error by the defendant. We think they are all without merit, and deem it necessary to discuss only two.

The defendant moved to nonsuit upon the ground that there is no evidence of fraud and that in no view of the evidence is the plaintiff entitled to recover the $750.

The defendant testifies: "I went in as a partner in the purchase of this property with Mr. Chilton." There is evidence that the price the partners agreed on was $5,500, and that defendant solely conducted the negotiations; that he told the plaintiff the land could not be purchased for less than $6,500; that it was a bargain and that others were after it. Plaintiff acquiesced in his partner's views and paid the entire $6,500.

There is evidence that defendant paid only $5,750 for the land and retained the $750. This is evidence of fraud, and the jury seem to have believed it.

The defendant, introduced as a witness in his own behalf, was asked, "Did you intend to cheat and defraud plaintiff?" Upon objection, the court excluded the question.

There are cases supporting the view that such questions asked of a party to an action when he is charged with fraud are sometimes permissible. *Phifer v. Erwin,* 100 N. C., 64; *Autry v. Floyd,* 127 N. C., 187.

168—41

In this case it could not help the defendant to testify that he did not intend to defraud the plaintiff. His acts speak louder than words. He was the trusted partner of the plaintiff, who furnished all the money for the investment. According to the findings of the jury, upon representations he must have known were untrue, defendant obtained $6,500 from his partner to pay for the land, and paid only $5,750 and retained the remainder ($750) for himself.

On account of the relation of trust and confidence defendant bore to plaintiff, his partner, the law stamps the transaction as fraudulent, and will not permit the defendant to retain the fruits of his misconduct, but will compel him to return them. *Stewart v. Realty Co.,* 159 N. C., 231.

No error.