THE NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM
v. W. H. MOSS AND R. G. MOSS.

(Filed 19 April, 1939.)

**1. Mortgages § 39a—**

Where a deed of trust is foreclosed prior to the time the power of sale becomes absolute the sale is voidable, but only the trustors can assert the right to have the deed from the trustees declared void.

**2. Mortgages § 39c: Estoppel § 1—Trustors held estopped by their subsequent deeds from attacking foreclosure.**

Husband and wife executed mortgage on lands owned by him in fee. The mortgage was foreclosed prior to the time the power of sale therein became absolute, and the land was purchased at the foreclosure sale by the wife. Thereafter the husband joined with his wife in executing a deed of trust upon the lands with full covenants of title. *Held:* The wife by accepting deed as purchaser at the foreclosure sale of the mortgage, and the husband in joining in executing the deed of trust with full covenants of title are estopped from attacking the validity of the mortgage foreclosure, and the purchaser at the foreclosure sale of the deed of trust regularly had, obtains title which he may convey free from any claims arising from irregularity of the foreclosure of the mortgage.

3. **Estoppel § 1: Estates § 4—Mortgagee later obtaining title in fee to one-third undivided interest held estopped by his deed to the purchaser at the foreclosure sale from asserting title to the undivided interest.**

> Husband and wife executed a mortgage on the *locus in quo* and on the same day executed a deed in fee to the mortgagee for a one-third undivided interest in the property upon consideration *inter alia* of the mortgagee's assumption of one-third of the debt, thereafter the mortgagee foreclosed the instrument under the power of sale and executed deed to the purchaser in fee. *Held:* The interest conveyed by the mortgage, in so far as it affected the one-third interest in the property, was not merged in the fee conveyed by the deed to such one-third interest so as to prevent the purchaser at the foreclosure sale of the mortgage from obtaining the fee in the entire lands, since a merger of estates does not obtain when it would be inimical to the interest of the owner, and since the mortgagee is estopped by his deed to the purchaser at the foreclosure sale from asserting any interest in the land.

APPEAL by defendants from *Harris, J.,* at March Term, 1939, of WAKE. Affirmed.

*J. S. Patterson and W. G. Mordecai for plaintiff, appellee.*
*Jones & Brassfield for defendants, appellants.*

SCHENCK, J. This is an action for specific performance of a contract to purchase real estate heard upon an agreed statement of facts.

The determinative facts are substantially as follows: (1) The defendants agreed to purchase from the plaintiff the two tracts of land described in the complaint for the price and upon the terms alleged; the plaintiff tendered the defendants deed sufficient in form to convey a fee simple title to the *locus in quo* and demanded compliance with the contract of purchase by payment of cash and delivery of purchase price notes and deed of trust in accord with the said contract, and defendants refused to comply therewith for the alleged reason that plaintiff's title was defective and its deed tendered would not convey to them a fee simple title. (2) The plaintiff derived title from a foreclosure deed from the receivers of the First National Company (formerly the National Trust Company), said receivers having foreclosed a deed of trust on the *locus in quo* executed by L. M. Gould and Mary W. Gould to the National Trust Company, Trustee, dated 15 January, 1925. (3) Mary W. Gould derived title from a foreclosure deed from M. S. Chamblee, mortgagee, dated 12 July, 1922, said Chamblee having foreclosed a mortgage to him on the *locus in quo* executed by L. M. Gould and wife, Mary W. Gould. (4) The mortgage from L. M. Gould and Mary W. Gould to M. S. Chamblee was dated 5 October, 1920, and secured principal and interest payable five years after date. (5) On 5 October,

1920, the same day they executed the mortgage to M. S. Chamblee, L. M. Gould and wife, Mary W. Gould, executed and delivered a deed to said Chamblee for an undivided one-third interest in the *locus in quo,* the consideration mentioned in said deed being, *inter alia,* the assumption of one-third of the debt secured by the mortgage of even date from said Gould and wife to said Chamblee. (6) On and prior to 5 October, 1920, L. M. Gould owned a fee simple title to the *locus in quo.*

It is the contention of the defendants that Mary W. Gould at the time she executed the deed of trust to the National Trust Company, 15 January, 1925, did not have a fee simple title to the *locus in quo* for two reasons: First, because the foreclosure deed to her by M. S. Chamblee, mortgagee, was made before the expiration of the five years fixed in the mortgage for the power of sale to become absolute; and second, if the court should be of a contrary opinion as to the first reason assigned, by the delivery of the deed for an undivided one-third interest in the *locus in quo* from L. M. Gould and Mary W. Gould to M. S. Chamblee on 5 October, 1920, the mortgage of the same date from said Gould and wife to said Chamblee, so far as it affected an undivided one-third interest in the *locus in quo,* was merged in the deed, and when the mortgage was foreclosed only a two-thirds undivided interest was sold, and the purchaser, Mary W. Gould, acquired title to only a two-thirds undivided interest, and thereby became a tenant in common with M. S. Chamblee, the owner of the other one-third undivided interest, and, therefore, the deed of trust from L. M. Gould and Mary W. Gould to the National Trust Company conveyed only an undivided two-thirds interest in the *locus in quo,* and that when the plaintiff purchased at a foreclosure of this last named deed of trust it only acquired a two-thirds undivided interest in the *locus in quo,* and could only convey such interest to the defendants.

It is the contention of the plaintiff that while the mortgage from L. M. Gould and Mary W. Gould to M. S. Chamblee, dated 5 October, 1920, recites it secures principal and interest payable five years after date, and the deed from Chamblee, mortgagee, to Mary W. Gould is dated 12 July, 1922, the deed at most is rendered only voidable at the option of the mortgagors, and that the mortgagors are estopped to deny the validity of the foreclosure deed by their action in accepting the deed made pursuant to the foreclosure, and subsequently making a deed of trust wherein they warranted their title to the *locus in quo.*

It is further contended by the plaintiff that by the execution and delivery of the foreclosure deed by M. S. Chamblee, trustee, to Mary W. Gould, purporting to convey the entire interest in the *locus in quo,* Chamblee is estopped to assert any claim to title to an undivided one-third interest therein.

LAND BANK v. MOSS.

With the first reason assigned by the defendants for declaring the title of Mary W. Gould void we cannot concur. While it has been held that a deed given pursuant to a foreclosure held prior to the time that the power of sale in the deed of trust became absolute was voidable at the behest of the trustor, and that "a court of equity will never decree a foreclosure until the period limited for payment of the money is passed," *Hinton v. Jones,* 136 N. C., 53, where a foreclosure has been so held and a deed given pursuant thereto the only party aggrieved thereby is the trustor, and he alone can assert the right to have such deed declared void. The trustors in the instant case were L. M. Gould and his wife, Mary W. Gould. Mary W. Gould accepted a deed executed and delivered pursuant to the foreclosure, and she and her husband subsequently executed and delivered a deed of trust to the National Trust Company wherein they warranted their title to the *locus in quo.* The reception of the foreclosure deed estops Mary W. Gould from assailing such deed, and the subsequent execution and delivery of a deed of trust, with covenants warranting their title, by L. M. Gould and Mary W. Gould estops both of them from assailing the foreclosure and the deed made pursuant thereto. "Recitals in a deed are estoppels when they are of the essence of the contract; that is, where, unless the facts recited exist, the contract, it is presumed, would not have been made." *Brinegar v. Chaffin,* 14 N. C., 108.

With the contention of the defendants that Mary W. Gould was a tenant in common in the *locus in quo* with M. S. Chamblee at the time she and her husband delivered the deed of trust to the National Trust Company we cannot concur. While it is the general rule that when one who holds a mortgage on real estate becomes the owner of the fee, the two estates are thus united in the same person, and ordinarily the former estate merges in the latter, this rule does not apply where the merger would be inimical to the interest of the owner. *Furniture Co. v. Potter,* 188 N. C., 145. We are of the opinion, and so hold, that M. S. Chamblee is estopped by his action in executing and delivering the deed to Mary W. Gould for the entire interest in the *locus in quo* from asserting title to a one-third undivided interest therein. ". . . it is familiar learning that the grantor will not, as against his grantee, be heard to aver anything contrary to it (his deed)." *Hutton v. Cook,* 173 N. C., 496; *Walker v. Taylor,* 144 N. C., 175.

The judgment below is

Affirmed.