GLADYS SOLES THOMPSON, MILDRED SOLES PARKER, MARY LUCILLE SOLES COOK AND BERTHA PAULINE SOLES v. RICHARD VERNON SOLES

No. 7813SC836

(Filed 31 July 1979)

1. **Estoppel §§ 4.7, 6 — recital in deed — equitable estoppel — sufficiency of complaint and evidence**

    In an action by plaintiffs seeking an adjudication that they were owners in fee of three tracts of land, plaintiffs' complaint was sufficient to set forth a claim for relief based on equitable estoppel and plaintiffs presented sufficient evidence of equitable estoppel to reach the jury where plaintiffs alleged and offered evidence tending to show that the parties' father devised all of his real property (consisting of the three tracts of land in question) to his wife for life and then to his children; plaintiffs' mother conveyed to defendant, their brother, a fourth tract of land; the deed to defendant contained a recital that the conveyance was accepted as an advancement of defendant's entire interest in the real property of his parents; defendant accepted the deed and had it recorded; and defendant refused to execute a quitclaim deed to the three tracts of land in favor of plaintiffs.

2. **Estoppel § 7 — parol evidence — admissibility**

    Parol evidence is ordinarily admissible to establish an estoppel unless it contravenes the evidentiary rules of competency and relevancy.

    Judge VAUGHN dissents.

APPEAL by plaintiffs from *Herring, Judge.* Judgment dismissing plaintiffs' claim pursuant to Rule 50 entered 11 April 1978 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 29 May 1979.

On 6 June 1975, plaintiffs brought this action against the defendant, their brother, seeking either an adjudication that the plaintiffs are owners in fee of three tracts of land, which were devised to the parties by their father S. C. Soles, or to have defendant's interest in the three tracts of land held in constructive trust for plaintiffs. The complaint alleged, *inter alia,* that prior to his death, their father, S. C. Soles, owned four tracts of land. In 1928, S. C. Soles sold the fourth tract of land and secured the balance due by a purchase money mortgage. In 1929 S. C. Soles died testate, and his will devised all of his real property (consisting of three tracts of land) to his wife, Nettie Soles, for life, and the remainder to his children. Plaintiffs and defendant were

S. C. Soles' only children at the time of his death. After the death of S. C. Soles the purchase money mortgage was foreclosed and the fourth tract of land was sold at public auction. Some years thereafter Nettie Soles became the owner of the fourth tract of land.

In 1946, Nettie Soles conveyed the fourth tract of land to defendant, reserving a life estate. The deed was executed on 20 December 1946 and was duly recorded. The deed contained a recital that the conveyance was accepted as defendant's entire interest in the estates of S. C. Soles and Nettie Soles, now deceased. Defendant took immediate possession of the fourth tract of land. Defendant has refused to execute a quitclaim deed to the three tracts of land in favor of plaintiffs.

Defendant generally denied plaintiffs' contentions and raised as a defense the Statute of Frauds, the Statute of Limitations and laches.

At trial, plaintiffs attempted to testify as to various matters, but most of their testimony was excluded. At the close of plaintiffs' evidence, the court directed a verdict dismissing their claim for relief in favor of defendant.

*Lee and Lee by J. B. Lee for plaintiff appellants.*

*Sankey W. Robinson for defendant appellee.*

CLARK, Judge.

[1] Plaintiffs first assign as error the granting of a directed verdict pursuant to G.S. 1A-1, Rule 50, in favor of defendant. The trial court indicated that the basis of its ruling was that plaintiffs presented insufficient evidence to establish that a trust had been created in their favor. Plaintiffs, however, contend that the complaint set forth a claim for relief based on equitable estoppel; that plaintiffs presented sufficient evidence of equitable estoppel to reach the jury; and, therefore, the directed verdict was improperly granted.

It is contended by defendant that the estoppel is not pleaded in the complaint. This contention is without merit. Construing the complaint liberally with a view to substantial justice between the parties, the facts which are necessary to constitute the estoppel

are alleged in the complaint. The plaintiffs alleged in their complaint the recital in the deed to defendant and prayed for equitable and legal title in the three tracts of land. Everything does appear in the complaint which is necessary to plead an estoppel except simply naming it as an estoppel in terms. *See Faircloth v. Ohio Farmers Insurance Co.*, 253 N.C. 522, 117 S.E. 2d 404 (1960); *Allston v. Connell*, 140 N.C. 485, 53 S.E. 292 (1906).

Plaintiffs contend that the deed of the fourth tract of land to defendant contained a recital which estops defendant from asserting an interest in the three tracts of land. The deed provided in pertinent part that:

"It is understood and agreed that this conveyance is accepted as an advancement to Richard V. Soles of his entire interest in the real property of the estate of the grantor [Nettie Soles] and of his father, S. C. Soles, deceased."

"Where, however, a fact recited in a deed is of the essence of the contract and the intention of the parties to place such fact beyond question or to make it the basis of the contract is clear, the recital is effectual and operates as an estoppel against both parties and their privies . . . ." 6 Thompson on Real Property, § 3110, 843 (Repl. 1962). *Fort v. Allen*, 110 N.C. 183, 14 S.E. 685 (1892). It is true that all recitals are not binding. Recitals in a deed are binding, however, "when they are of the essence of the contract, that is, where unless the facts recited exist, the contract, it is presumed, would not have been made." *Brinegar v. Chaffin*, 14 N.C. 108, 109 (1831). The rule is based upon the premise that it would offend every principle of equity and good morals to permit a party to enjoy the benefits of a contract or deed and at the same time deny its terms or qualifications. *Fort v. Allen, supra; see Shuford v. Asheville Oil Co.*, 243 N.C. 636, 91 S.E. 2d 903 (1956); *Pure Oil Co. v. Baars*, 224 N.C. 612, 31 S.E. 2d 854 (1944); *Joint Stock Land Bank v. Moss*, 215 N.C. 445, 2 S.E. 2d 378 (1939); *Perry v. Southern Surety Co.*, 190 N.C. 284, 129 S.E. 721 (1925). This rule is technically a form of equitable estoppel. It is not based upon the formalities of a deed, but rather, it is based upon the principle that one cannot accept the benefits of a transaction and deny the accompanying burdens. Therefore, it is similar to the theory of estoppel by acceptance of benefits under a contract or instrument. *See* 28 Am. Jur. 2d Estoppel and

Waiver § 59 (1966). It is also similar to the equitable doctrine of election which provides that a person designated as a beneficiary under a will cannot take under the instrument and at the same time assert a title or claim in conflict with the same writing. *See Rouse v. Rouse*, 238 N.C. 568, 78 S.E. 2d 451 (1953). An election, in equity, is a choice which a party is compelled to make between the acceptance of a benefit under a written instrument and the retention of some property already his own which is to be disposed of in favor of a third party by the same paper. *Wells v. Dickens*, 274 N.C. 203, 162 S.E. 2d 552 (1968). 13 Strong's N.C. Index *Wills* § 64 (1978).

In *Allen v. Allen*, 213 N.C. 264, 195 S.E. 801 (1938), Mrs. Allen, deceased, had conveyed a tract of land to two of her children, with the intention that this land would constitute their full share in the lands of both her and her husband. After the death of both parents, one of the grantees and grandchildren of the other grantee sought to invalidate certain deeds delivered by T. W. Allen to other children, and sought to be declared the owners of the land. The North Carolina Supreme Court denied the relief on the grounds that the grantees had accepted the deed to the tracts of land

> ". . . as representing their full share of the lands belonging to their mother and father, and . . . they accepted the deed with full knowledge that it was so tendered and after first debating whether to accept it or not. They have received the full benefits of the deed. It would be contrary to all the principles of equity to permit them now to disavow the conditions upon which the deed was given to them and to successfully assert a further interest in the real estate of their parents.
>
>     . . . .
>
> . . . The plaintiffs elected to accept the advancement to them of the lands belonging to their mother in full of all claim they should have against the estates of both of their parents. They had their election and have made it. . . ." 213 N.C. at 271, 195 S.E. at 805-806.

Whichever theory of estoppel that plaintiffs rely upon, either estoppel by recital in a deed, estoppel by acceptance of benefits or the equitable doctrine of election, the applicable principle is

the same: that "it would offend every principle of equity and good morals to permit [a party to a transaction] to enjoy its benefits and at the same time deny its terms and qualifications." *Fort v. Allen,* 110 N.C. at 192, 14 S.E. at 686.

The test, on a motion for a directed verdict, is whether the evidence, considered in the light most favorable to the party against whom it is made, is sufficient for submission to the jury. *Sink v. Sink,* 11 N.C. App. 549, 181 S.E. 2d 721 (1971). Upon a motion for directed verdict, all evidence which supports the plaintiffs' claim must be taken as true, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom and with contradictions, conflicts and inconsistencies being resolved in plaintiffs' favor. *Ingold v. Carolina Power and Light Co.,* 11 N.C. App. 253, 181 S.E. 2d 173 (1971).

In the case *sub judice,* the evidence tended to show that the deed to defendant from Nettie Soles contained a recital that it was understood and agreed that the deed was given as defendant's full share in the estates of Nettie Soles and her husband, S.C. Soles. The deed was accepted by defendant and was recorded on 6 January 1947. Although defendant did not sign the deed, the recordation of the deed indicates that defendant accepted the deed, and is therefore bound by the recital. *Webb v. British American Oil Producing Co.,* 281 S.W. 2d 726 (Tex. Civ. App. 1955). This is sufficient evidence to reach the jury on the issue of equitable estoppel, and therefore the court erred in entering a directed verdict in favor of defendant.

[2] The trial court excluded most of the evidence offered by plaintiffs, including testimony of a plaintiff that defendant stated to his mother that the deed to him for the fourth tract was his part of the S. C. Soles estate, that defendant did not claim ownership in the three tracts which constituted the S. C. Soles estate until two years after the death of their mother and paid to plaintiffs the same rental which he had paid to his mother, and that Nettie Soles in her will devised all of her property to plaintiffs for the stated reason that defendant had been provided for previously. Apparently the exclusion of this evidence was based on the conclusion that it was not admissible to show the creation of a trust. There must be a retrial for determination of the estoppel issue, but we do not deem it necesssary to discuss each eviden-

tiary question raised by plaintiffs' assignments of error. We do note that parol evidence is ordinarily admissible to establish an estoppel unless it contravenes the evidentiary rules of competency and relevancy. 31 C.J.S. Estoppel § 161 (1964). Thus it appears that much of the evidence offered by plaintiffs of the acts, conduct, and admissions of the defendant relative to the use, possession and control of both the three tracts in the S. C. Soles estate and the tract deeded to him by his mother Nettie Soles would meet the test of relevancy on the estoppel issue upon retrial.

The judgment is reversed and we order a

New trial.

Judge CARLTON concurs.

Judge VAUGHN dissents