GLADYS SOLES THOMPSON, MILDRED SOLES PARKER, MARY LUCILLE SOLES COOK AND BERTHA PAULINE SOLES v. RICHARD VERNON SOLES

No. 94

(Filed 5 March 1980)

*Estoppel* § 4.7; *Deeds* § 16— recital in deed—insufficiency of evidence of equitable estoppel—sufficiency of evidence of equitable election

    In an action by plaintiffs seeking an adjudication that they were owners in fee of three tracts of land, plaintiffs were not entitled to go to the jury on the theory of equitable estoppel, since there was no evidence of detrimental reliance, but evidence was sufficient to entitle them to go to the jury on the theory of equitable election where the evidence tended to show that the parties' father devised all of his real property, consisting of the three tracts of land in question, to his wife for life and then to his children; the parties' mother conveyed to defendant a fourth tract of land; the deed to defendant contained a recital that the conveyance was accepted as an advancement of defendant's entire interest in the real property of his parents; defendant accepted the deed and had it recorded; and defendant subsequently claimed an interest in the three tracts of land left by the parties' father.

    Justice CARLTON did not participate in the consideration or decision of this case.

APPEAL by defendant from the decision of the Court of Appeals reported in 42 N.C. App. 462, 257 S.E. 2d 59 (1979), revers-

ing judgment of *Herring, J.,* at the 10 April 1978 Civil Session of COLUMBUS Superior Court dismissing plaintiff's claim. This case was argued as No. 99 at Fall Term 1979.

This action involves title to real estate. S. C. Soles died testate in 1929 survived by his wife, Nettie; four daughters, who are the plaintiffs in this action; and a son, the defendant. Prior to his death, testator owned four tracts of land. In 1928, he sold one of the tracts and secured the balance due by taking back a purchase money mortgage. In his will, decedent devised all of his real property (consisting of the three remaining tracts of land) to his wife, Nettie, for life, remainder to his children as tenants in common. After testator's death, the purchase money mortgage on the fourth tract was foreclosed. Subsequently, the tract was acquired by Nettie who then owned it in fee simple.

In 1946, Nettie Soles conveyed the fourth tract to defendant, reserving a life estate in herself. The deed was executed on 20 December 1946 and it was duly recorded. The deed contained the following recital:

> It is understood and agreed that this conveyance is accepted as an advancement to Richard V. Soles of his entire interest in the real property of the estate of the grantor and of his father, S. C. Soles, deceased.

Defendant took immediate possession of the fourth tract.

Nettie Soles died in February 1972, survived by her four daughters and defendant. Prior to the death of Mrs. Soles, defendant rented the three other tracts of land from her. In 1973 defendant rented the three other tracts from his sisters. In 1974 another individual rented the tracts, at which time defendant demanded a share of the rents and profits. Before defendant's demand, he had attempted to purchase the interests of his four sisters for $3,500 each. Each of the sisters had refused the offer.

Plaintiffs filed this suit on 6 June 1975, seeking an adjudication (1) that they are owners in fee simple of the three tracts of land, or (2) that defendant's interest in the three tracts be held in constructive trust for them. Defendant filed answer generally denying plaintiffs' allegations as well as interposing the defenses of the statute of frauds, the statute of limitations and laches.

At trial each of the plaintiffs attempted to testify as to various matters but most of their testimony was excluded. At the close of plaintiffs' evidence, defendant moved pursuant to G.S. 1A-1, Rule 50(a), for a directed verdict. The motion was granted and judgment was entered dismissing the action.

The Court of Appeals, in an opinion written by Judge Clark, concurred in by Judge Carlton, reversed the trial court and ordered a new trial. Judge Vaughn dissented and defendant appealed pursuant to G.S. 7A-30(2).

*Lee and Lee, by J. B. Lee, for plaintiff-appellees.*

*Sankey W. Robinson for defendant-appellant.*

BRITT, Justice.

Plaintiffs contend that the recital in the deed which is set out above operates to prevent defendant from claiming any interest in the three tracts of land which are the subject of this controversy. The Court of Appeals concluded that there was sufficient evidence to enable plaintiffs to go to the jury on the issue of the effect of the recital, and that the trial court erred in entering a directed verdict in defendant's favor. For the reasons hereinafter stated, we agreed with this conclusion.

When a fact which is recited in a deed is of the essence of the contract and it is clear that it is the intention of the parties to put the fact beyond question or to make the fact the basis of the contract, the recital is effective to operate as an estoppel against the parties to the deed and their privies. *Fort v. Allen,* 110 N.C. 183, 14 S.E. 685 (1892); *Brinegar v. Chaffin,* 14 N.C. 108 (1824); *see generally* 6 Thompson on Real Property § 3110 (Grimes Rev. 1962). Recitals in a deed are binding "when they are of the essence of the contract, that is, where unless the facts recited exist, the contract, it is presumed, would not have been made." *Brinegar v. Chaffin, supra* at 109; *see also North Carolina Joint Stock Land Bank of Durham v. Moss,* 215 N.C. 445, 2 S.E. 2d 378 (1939).

The doctrine of estoppel rests upon principles of equity and is designed to aid the law in the administration of justice when without its intervention injustice would result. *See Hawkins v. M. & J. Finance Corporation,* 238 N.C. 174, 77 S.E. 2d 669 (1953);

H. McClintock, Equity § 31 (2d ed. 1948). The rule is grounded in the premise that it offends every principle of equity and morality to permit a party to enjoy the benefits of a transaction and at the same time deny its terms or qualifications. *See Shuford v. Asheville Oil Co.*, 243 N.C. 636, 91 S.E. 2d 903 (1956); *Pure Oil Co. v. Baars*, 224 N.C. 612, 31 S.E. 2d 854 (1944); *Allen v. Allen*, 213 N.C. 264, 195 S.E. 801 (1938). It will be observed that the rule is not predicated on the formalities of a deed. It is, instead, based upon the principle that one cannot accept the benefits of a transaction and deny the accompanying burdens. *Cook v. Sink*, 190 N.C. 620, 130 S.E. 714 (1925).

Equitable estoppel arises when an individual by his acts, representations, admissions, or by his silence when he has a duty to speak, intentionally or through culpable negligence induces another to believe that certain facts exist, and such other person rightfully relies and acts upon that belief to his detriment. *Boddie v. Bond*, 154 N.C. 359, 70 S.E. 824 (1911); *see also Matthieu v. Piedmont Natural Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336 (1967); *Smith v. Smith*, 265 N.C. 18, 143 S.E. 2d 300 (1965); D. Dobbs, Handbook on the Law of Remedies, § 2.3, p. 42 (1973).

The Court of Appeals held that plaintiffs were entitled to go to the jury on the theories of equitable estoppel and election. Under the evidence presented and tendered by plaintiffs at trial, we hold that they were not entitled to go to the jury on the theory of equitable estoppel because there is no evidence of detrimental reliance. Our examination of the record, however, convinces us that plaintiffs adduced sufficient evidence to entitle them to go to the jury on the theory of equitable election.

The doctrine of equitable estoppel is similar to the equitable doctrine of election which is usually applied to wills. The doctrine of election provides that a beneficiary under a will cannot take under that instrument at the same time he asserts a title or claim which is inconsistent with the same writing. *Rouse v. Rouse*, 238 N.C. 568, 78 S.E. 2d 451 (1953); *see also* 1 N. Wiggins, Wills and Administration of Estate in North Carolina § 147 (1964). In making an election, a person is compelled to choose between accepting a benefit under a written instrument or retaining property already his own which is disposed of in favor of a third party by the same document. *Wells v. Dickens*, 274 N.C. 203, 162 S.E. 2d

552 (1968); *see generally* 5 Page on Wills § 47.2 (Bowe-Parker Rev. 1962).

While the doctrine of election usually is applied in cases dealing with wills, it has, on occasion, been applied to cases dealing with deeds. *Norwood v. Lassiter*, 132 N.C. 52, 43 S.E. 509 (1903). In *Norwood*, plaintiff was the devisee of real estate which was subject to a deed of trust. While plaintiff was a minor, the deed of trust was foreclosed, defendants purchased the land and plaintiff's guardian accepted the balance of the proceeds of the sale after the indebtedness was paid. Part of the balance was used for plaintiff's maintenance and support. When plaintiff reached his majority the unspent balance was paid to and accepted by him. Plaintiff then brought suit to set aside the foreclosure of the deed of trust. In affirming a trial court judgment in favor of defendants, this court held that the doctrine of election precluded plaintiff from attacking the foreclosure sale. We quote from the opinion written by Justice Walker:

> ". . . When the plaintiff received the money he did something that was utterly inconsistent with his right to repudiate or disaffirm the sale. When a party has the right to ratify or reject, he is put thereby to his election, and he must decide, once for all, what he will do; and when his election is once made, it immediately becomes irrevocable. This is an elementary principle. *Austin v. Stewart*, 126 N.C. 525. He could not accept the money derived from the sale and at the same time reserve the right to repudiate the sale. *Keer v. Sanders*, 122 N.C. 635; *Mendenhall v. Mendenhall*, 53 N.C. 287. It is familiar learning that when two inconsistent benefits or alternative rights are presented for the choice of a party, the law imposes the duty upon him to decide as between them, which he will take or enjoy, and after he has made the election he must abide by it, especially when the nature of the case requires that he should not enjoy both, or when innocent third parties may suffer if he is permitted afterwards to change his mind and retract.

> "The doctrine of election frequently, though not exclusively, arises in case of wills; but the principle in its very nature seems to apply equally to other instruments and

transactions. 2 Story Eq. Jur., sec. 1075, and notes . . . ." 132 N.C. at 55-56.

While a deed serves as a written memorial of an *inter vivos* conveyance of real property and a will is an ambulatory document which takes effect at the death of the testator, both share a common characteristic and purpose: Each serves as a vehicle whereby the ownership of property is transferred from one person to another. Accordingly, we cannot perceive any reason why the doctrine of election ought not to apply to deeds with the force it applies to wills. *Cf. In re Moore's Estate*, 62 Cal. App. 265, 216 P. 981 (1923) (" . . . he who accepts a benefit under a deed or will must adopt the contents of the whole instrument, conforming to all of its provisions and renouncing every right inconsistent with it.") In the present case, plaintiffs seek a decree of equitable relief. It is a fundamental premise of equitable relief that equity regards as done that which in fairness and good conscience ought to be done. *McNinch v. American Trust Co.*, 183 N.C. 33, 110 S.E. 663 (1922), *cert. denied*, 67 L.Ed. 823 (1923).

The deed from Nettie Soles to defendant contained a recital that the parties understood and agreed that it was given and accepted "as an advancement to [defendant] of his entire interest in the real property of the estate of the grantor and of his father, S. C. Soles, deceased." While the recital fails as an advancement, *see* G.S. § 29-23, plaintiffs seek *equitable* relief. That being true, it is appropriate to regard the substance, not the form, of the transaction as controlling and not be bound by the labels which have been appended to the episode by the parties. *In Re Pendergrass' Will*, 251 N.C. 737, 112 S.E. 2d 562 (1960); *see also Mills v. Mutual Building & Loan Ass'n.*, 216 N.C. 664, 6 S.E. 2d 549 (1940); *Continental Trust Co. v. Spencer*, 193 N.C. 745, 138 S.E. 124 (1927).

We take notice of the fact that lay persons often refer to tracts of land as constituting a deceased person's "estate". *See Peirson v. Insurance Co.*, 248 N.C. 215, 102 S.E. 2d 800 (1958); *Jernigan v. Insurance Co.*, 235 N.C. 334, 69 S.E. 2d 847 (1952); *see generally* 1 Jones on Evidence § 2:41 (Gard Rev. 1972); 1 Stansbury's North Carolina Evidence § 14 (Brandis Rev. 1973). Though the transaction here was cast in terms of an advancement, there is evidence which tends to show that the essence of the arrangement was to convey to defendant a vested remainder

in the 48 acre fourth tract, while consolidating in plaintiffs as tenants in common a vested remainder in the other three tracts. The latter three tracts had once been owned by S. C. Soles, and there had been a division of interests effected by his will. It would not be unusual, therefore, for lay persons to refer to these three tracts as being his estate.

We conclude that it was error for the trial court to direct a verdict in favor of defendant. Although defendant did not sign the deed from Mrs. Soles to him, the recordation of the deed and defendant's acceptance of the benefits granted by the deed are indications that he accepted it. That being true, defendant was bound by the recital. This was sufficient evidence to take the case to the jury on the issue of equitable election.

In its opinion, the Court of Appeals observed that most of the evidence which was offered by plaintiffs was excluded by the trial court, apparently on the ground that the evidence was not admissible to show the creation of a trust or raise the issue of an estoppel. We agree with the Court of Appeals that while there must be a retrial, it is not necessary to discuss each evidentiary question raised by plaintiffs' assignments of error. We also agree with the Court of Appeals that parol evidence ordinarily is admissible to establish an estoppel unless it otherwise contravenes the evidentiary rules of competency and relevancy. Our previous discussion has pointed out the similarity between the doctrines of estoppel and election. We know of no reason why the same evidentiary rule would not also apply to cases proceeding upon a theory of election. However, not being able at this time to forecast all of the evidence which plaintiffs might attempt to introduce, we decline to say which evidence that *might* be offered would be competent and relevant. It must be left to the trial judge to pass upon the admissibility of the evidence offered in light of the pertinent rules.

The decision of the Court of Appeals reversing the judgment of the trial court is

Modified and affirmed.

Justice CARLTON did not participate in the consideration and decision of this case.