J. W. AUSTIN v. COLEMAN STEWART.

(Decided May 15, 1900.)

*Premature Order of Reference—Plea in Bar—Dismissal of Cause by Referee—Mortgage Sale—Purchase by Mortgagee—Right of Mortgagor.*

1. An order of reference is premature while a plea in bar is pending.
2. A referee has no power to dismiss a cause for want of jurisdiction in the Superior Court.
3. A mortgagor may move to disaffirm the sale, when the land is purchased by the mortgagee, but not to disaffirm in part and affirm in part. He must make his election.
4. When the sale is affirmed, the mortgagee is responsible for what the land brought; if the sale is disaffirmed, it is a nullity.

CIVIL ACTION to hold a mortgagee responsible for real value of land bought at his own sale. Defendant denied the purchase by him. There was an order of reference at previous term of the court, excepted to by defendant.

Cause came on to be heard upon report and exceptions thereto by defendant, before *Allen, J.,* at January Term,

1900, of UNION Superior Court. From the judgment rendered the defendant appealed.

*Messrs. Adams & Jerome,* for appellant.

*Messrs. Redwine & Stack,* and *Burwell, Walker & Cansler,* for appellee.

CLARK, J. The complaint alleges that the defendant (mortgagee) sold the land of the plaintiff (mortgagor) and bought the same through an intermediary who afterwards conveyed to a son of the defendant, but that the real purchaser was the defendant; wherefore the plaintiff alleges that he "has the right to disaffirm said sale as a nullity or to affirm the same and hold the defendant to an account for the full value of said land (which he holds to be $565), which he now elects to do."

The answer denies that the defendant was interested in anywise in the purchase at the mortgage sale, and that the land is worth what the plaintiff alleges, avers that it brought full value, and that the plaintiff was present and made no objection at the sale, and the defendant sets up a counterclaim for sundry amounts due upon bonds executed by the plaintiff; wherefore he demands judgment for the difference.

The Court referred the cause, and the defendant excepted.

The referee dismissed the action because the complaint did not state a cause of action within the jurisdiction of the Superior Court, on the ground, as we understand, that the plaintiff having in his complaint affirmed the sale, the difference between the amount the land brought and the mortgage debt was within the jurisdiction of a Justice of the Peace. The Court reversed this action and re-referred the case, and the defendant appealed.

The plaintiffs moves in this Court to dismiss the appeal as

premature. An appeal from an order of re-reference is premature. Clark's Code (3d Edition), sec. 548, p. 750, and cases there cited. But that is where the original reference is not called in question. Here, the original reference was erroneous because there was a plea in bar, and a reference before such plea is passed upon is appealable at once. *Smith v. Goldsboro,* 121 N. C., 350, and cases cited. It is true the defendant, instead of appealing then, as he could have done, noted an exception, but that now comes up and makes this appeal valid.

The referee had no jurisdiction to dismiss the action, which power belongs to the Court alone, but taking his action as substantially a ruling that the complaint did not state a cause of action within the jurisdiction of the Superior Court, it was erroneous. The jurisdiction depends upon the sum demanded in good faith (which here exceeded $200), and was not ousted by reason of the plaintiff being mistaken in his right under the law to recover the sum he claimed. *Sloan v. Railroad,* at this term; *Martin v. Goode,* 111 N. C., 288.

The plaintiff could have disaffirmed the sale, and have procured an order of resale, upon proof of his allegation that the defendant was the real purchaser. *Gibson v. Barber,* 100 N. C., 192. But having elected to affirm the sale, such election once made is binding (*Syme v. Badger,* 92 N. C., 706; *Horton v. Lee,* 99 N.C., 227); and he is entitled only to the sum the land brought after deducting the mortgage debt, and the legitimate costs entailed by the sale, subject of course to any sum proved upon the counterclaim which is pleaded. He can not affirm in part and disaffirm in part.

The plaintiff relies upon *Froneberger v. Lewis,* 79 N. C., 426, which is a case where an administrator bought at his own sale and was held liable for the value of the property. But, there, the sale was not affirmed, but disaffirmed, and it was

held that in such case the heirs-at-law could elect to treat the sale as a nullity, i. e., recover the land or hold the administrator liable for its value. If they had affirmed the sale, as the plaintiff has done, they could only have recovered the sum the land brought.

The reference was probably made under the authority of *Brothers v. Brothers,* 42 N. C., 150, which was followed by *Froneberger v. Lewis, supra* (though in the latter case the re-reference was upon an original reference by consent), without adverting to the fact that the first was a case under the old procedure in equity. A failure to note this distinction has not infrequently caused new trials. *Ferrell v. Broadway,* 95 N. C., 551. The Superior Court had jurisdiction, but the order of reference was erroneous.

Error.