D. H. McCULLERS et al. v. CLAUDE CHEATHAM et al.

(Filed 24 September, 1913.)

1. **Appeal and Error—Reference—Findings of Fact.**
    When there is evidence to support the referee's findings of fact, and they are approved by the trial judge, the findings are conclusive on appeal.

2. **Landlord and Tenant—Cropper's Liens—Contracts — Election— Seizure of Crop—Damages—Repudiation of Contract—Consent of Parties.**
    The plaintiff made advances to a cropper on defendant's land, and took a mortgage to secure him therein, and thereafter the

McCULLERS v. CHEATHAM.

cropper's interest was assigned to him. The defendant bought, at an agreed price with the cropper ($400), one-half of the crop so raised on the land, which was seized by the plaintiff under process while in the possession of the cropper, but afterwards turned over by the plaintiff to the defendant at his request and solicitation: *Held*, (1) the title to the tenant's share of the crop did not vest in the defendant, under his contract of purchase, as he had neither paid for nor taken possession of the crop until given him by the plaintiff, it being a cash transaction; (2) when he received the crop he exercised his right of election to take under the contract at the price therein named, and he could not thereafter disaffirm, or claim as landlord; (3) the tenant having paid his rent, the seizure of the crop by the plaintiff was not, under the circumstances, unlawful, and hence could not subject him to damages therefor; (4) the plaintiff's action to recover the crop could not work a repudiation of the defendant's contract of purchase, it requiring the consent of all parties to unmake it, which defendant refused to give.

APPEAL by defendants from *Carter, J.*, at March Term, 1913, of JOHNSTON.

This was originally an action for the recovery of a lot of leaf tobacco raised by E. T. Parham on defendant's farm, known as the "Widow Whitley's place." Parham was the tenant of defendants in 1910, cultivating the farm on shares. Plaintiff D. H. McCullers made advances to him in money and supplies. under a contract between them. Defendants bought Parham's one-half share of the tobacco raised on the farm for $400, but never took possession of it. Plaintiff seized it under the process, but surrendered it to defendants in a short while, and the latter accepted it. Parham had given plaintiff D. H. McCullers a mortgage on the crop for the advances, and afterwards assigned his interest in the crop to him. This action was finally turned into one for an accounting between the parties, and was referred for that purpose. The referee found the facts in favor of plaintiffs, and reported that defendants were indebted to plaintiff D. H. McCullers in the sum of $270.88. This report was approved and confirmed by the court, upon exceptions thereto filed by the defendants, save as to two items

allowed the plaintiff by the referee, which were stricken from
the amount found by the referee to be due, and reduced the said
amount to $196.39.   There was judgment for this amount and
costs, including one-half of the referee's fee.   Defendants ap-
pealed.

*Abell & Ward and James H. Pou for plaintiff.*
*T. T. Hicks for defendants.*

WALKER, J., after stating the case:   The misfortune of the
defendants in this case is that the referee has found all the
essential facts against them, and when these findings were
reviewed and approved by the judge, upon consideration of the
report and the exceptions, there being evidence to warrant them,
we are precluded from changing the report in this respect, but
must decide the case upon the findings of fact as made by the
referee and approved by the court.   We recently stated the rule
of practice in this respect:   "We will not review the referee's
findings of fact, which are settled, upon a consideration of the
evidence, and approved by the judge, when exceptions are filed
thereto, if there is some evidence to support them.   *Boyle v.
Stallings,* 140 N. C., 524; *Harris v. Smith,* 144 N. C., 439, and
cases cited; *Thornton v. McNeely, ibid.,* 622; *Frey v. Lumber
Co., ibid.,* 759.".  *Thompson v. Smith,* 160 N. C., 256.   This
rule was properly conceded by the defendants' counsel, and the
exception to findings of fact were, of course, not urged in this
Court.

The assignments of error in the case are nearly all ad-
dressed to the findings of fact, and as there is no question of
law or legal inference involved in them, there is nothing that
we can review or reverse.

The defendants do contend, though, that by seizing the to-
bacco under the requisition issued in this case, the plaintiffs
rescinded the sale of it by Parham to them, and, consequently,
that they are liable only for the real value of the same, instead
of $400, the contract price and the amount charged against
them in the account by the referee for the tobacco.   But not
so, as we view the facts.   The sale of the tobacco was a cash

transaction, as appears, and defendants had not paid for it, nor taken possession of it. The title, therefore, had not vested in them. They had merely a contract of sale. *Millhiser v. Erdman,* 98 N. C., 292 (*s. c.,* 103 N. C., 27); *R. R. v. Barnes,* 104 N. C., 25. Besides, the defendants elected not to treat the plaintiff's action as a rescission of the contract. Plaintiffs instructed the sheriff to deliver the tobacco to defendants, and this was done, and it was received by them without any objection. They did not think at that time to insist on a rescission and to refuse to take the property, but rather elected to stand by it and avail themselves of it. Having done so, we cannot hear them, when they now take the opposite position, by repudiating what they then chose to do, and rely upon the rescission of the sale.

When a party is given a choice between inconsistent rights, he must make his election once for all. We said of this principle in *Norwood v. Lassiter,* 132 N. C., 52: "When a party has the right to ratify or reject, he is put thereby to his election, and he must decide, once for all, what he will do; and when his election is once made, it immediately becomes irrevocable. This is an elementary principle. *Austin v. Stewart,* 126 N. C., 525. He could not accept the money derived from the sale and at the same time reserve the right to repudiate the sale. *Kerr v. Saunders,* 122 N. C., 635; *Mendenhall v. Mendenhall,* 53 N. C., 287. It is familiar learning that when two inconsistent benefits or alternative rights are presented for the choice of a party, the law imposes the duty upon him to decide as between them, which he will take or enjoy, and after he has made the election he must abide by it, especially when the nature of the case requires that he should not enjoy both, or when innocent third parties may suffer if he is permitted afterwards to change his mind and retract." The same is substantially stated in *Austin v. Stewart, supra.* "Where a person has taken possession of or exercised acts of ownership over property under a claim of title or right, he is estopped to set up a claim inconsistent with that under which he has acted." 16 Cyc., 803, citing numerous authorities in note 18 to support this text.

It would prejudice the plaintiff D. H. McCullers if defendant should now be permitted to act in repudiation of his claim of ownership, when he received and appropriated the property as his own, with the consent of the other parties, who ordered it to be delivered to him by the sheriff, conceding his right to it under the contract. He did not have the full title at first, but acquired it by the delivery of the tobacco to him afterwards, and having taken it as owner under the contract, he must pay the stipulated price and not merely its value.

As plaintiffs appear not to have been in the wrong originally, the claim of damages for a wrongful seizure of the tobacco cannot be sustained.

We have so far treated the case as if the bringing of this suit for the tobacco was a repudiation of the contract of sale, as contended by the defendant, but this position may be seriously questioned. It takes two to make a contract, and the consent of both is required to unmake it. The defendants never abandoned their right, but, on the contrary, as appears by their answer, first begged plaintiff for the possession of the tobacco, asserting their title to it, and when this entirely failed, they threatened plaintiffs with a lawsuit if it was not surrendered to them, and finally received it as their property under the contract, claiming it as their own. Subsequently they sold it in market. Not only is this true, but in their answer, they actually claim damages for the seizure as violative of their rights to its possession. The referee finds that defendants contracted to buy Parham's one-half interest in the tobacco, so that their real right to the tobacco was derived from the contract of sale, and not as landlords. They could not assert any legal claim to it in the latter capacity. Defendants knew of the contract of sale, and must be held to have acted in accordance with their true right under it. They could not claim as landlord, so long as the contract stood, which changed the relation of the parties. If plaintiffs' conduct amounted to a repudiation of the contract of sale, and defendants had ac-

163—5

quiesced in it, the result might, perhaps, be different; but they cannot claim under the contract and against it, or occupy two inconsistent positions.

Our conclusion is that the case was correctly decided.

No error.