### WILKINS-RICKS COMPANY v. B. N. WELCH.

(Filed 3 March, 1920.)

1. **Bills and Notes—Negotiable Instruments—Purchaser after Maturity—Equities—Notes.**

   The purchaser, after maturity, of a note secured by a chattel mortgage takes subject to the equities existing between the original parties.

2. **Same—Corporations—Officers of Both Corporations—Notice.**

   Where a corporation is a purchaser of a note after maturity from another corporation, and knowledge of outstanding equities is had by the proper officer of the selling corporation, who occupies the same position with the purchasing one, it is also notice to the latter.

3. **Principal and Agent—Unauthorized Agent—Ratification—Acceptance of Benefits—Bills and Notes—Mortgages—Substitution of Property.**

   The ratification of a transaction of a third person acting without authority as agent, may not be in part, for the repudiation thereof must be as a whole without acceptance of any of the benefits; and where the maker of a note secured by a chattel mortgage of mules has exchanged the mules for others in substitution of the mortgaged property, with a money payment to boot, and with knowledge thereof, the purchaser of the note accepts the cash thus paid, his so accepting the cash ratifies the entire transaction, for he may not repudiate it in part and ratify it in part.

APPEAL from *Connor, J.,* at the October Term, 1919, of LEE.

This is an action to recover two mules, which the plaintiff claims under a chattel mortgage executed by A. C. Stout to Wilkins-Lashley Company, and which, with the notes secured therein, were transferred to the plaintiff after maturity.

The chattel mortgage included the two mules and other personal property.

Before the notes and mortgage were transferred to the plaintiff, Stout traded the mules to the defendant and received in exchange two mules

and a check for $210, agreeing at the time to secure the release of the mules from the Lashley mortgage.

Stout saw L. P. Wilkins, who was secretary and treasurer of Wilkins-Lashley Company, and of the Wilkins-Ricks Company, told him of the trade with the defendant, and delivered to him the check for $210, which he accepted for the company, and which the company indorsed and received the money thereon.

L. P. Wilkins testified "that he was secretary-treasurer of the Wilkins-Ricks Company; that H. C. Stout came to see him some time during the early part of 1915, and gave him a check for $210, for which he credited him on his notes and mortgages; that Stout told him that he had traded mules and wanted him to change the papers; that he asked Mr. Palmer, president of the plaintiff company, to look at the mules, and Mr. Palmer reported that they were poor security, so he told Stout that he would not make the change; that he saw Stout several times afterwards, and had a good deal of correspondence with him about paying the mortgage; that he never agreed to release his original security; that Welch came in to see him several times, but always assured him that Stout was an honest man and would pay his debts, until finally Welch told him that the plaintiff had lost its rights in the case against him altogether by accepting his check; that he knew that the check for $210 was boot money, which Stout had received in a trade of the mules described in his mortgage."

His Honor held that there was no ratification of the sale to the defendant, and instructed the jury to answer the issue as to the ownership of the property in favor of the plaintiff, if they believed the evidence, and the defendant excepted.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*Seawell & Milliken for plaintiff.*
*Siler & Barber and Hoyle & Hoyle for defendant.*

ALLEN, J. The plaintiff corporation and the Wilkins-Lashley Company are apparently one corporation, but, however this may be, notice to the officers of one would be notice to the other, as the officers of both are the same, and in any event the plaintiff, having taken the notes and mortgage after maturity, holds them subject to any defenses existing against the Wilkins-Lashley Company.

The real question, then, is, Could the Wilkins-Lashley Company maintain this action to recover the two mules? Clearly not, because it has accepted and appropriated to its own use, with knowledge of the facts, the check given by the defendant as a part of the purchase price of the mules.

A transaction entered into by one in reference to the property of another, although without authority, must be ratified or repudiated as a whole, and a benefit cannot be accepted under it without being subject to its burdens. *Rudasill v. Falls,* 92 N. C., 226.

"If with a full knowledge of all the facts a person ratify an agreement which another person has improperly made concerning the property of the person ratifying it, he thereby makes himself a party to it. He is in precisely the same position in this respect as if the original agreement had been made with him. And it has been held that one who knowingly accepts the benefits intended as the consideration coming to him under a contract, voluntarily made by another in his behalf, becomes bound by reason of such acceptance to perform his part of the contract." 9 Cyc., 387.

This principle was properly applied in *Norwood v. Lassiter,* 132 N. C., 57, to facts not so clear as in this case.

In the *Norwood case* land was sold under a mortgage, and the proceeds of sale were applied to the debt, and the excess paid to the guardian of the plaintiff. The guardian turned over the money to a receiver of the estate, and resigned, and after the plaintiff became of age the receiver settled with him and paid to him the part of the proceeds of sale in his hands. The plaintiff then brought his action to recover the land against the purchasers at the mortgage sale, alleging that the sale was illegal, and upon this phase of the case the Court says:

"It is admitted that so much of the proceeds of the sale as was necessary for that purpose, was applied to the payment of the debt due to Farmer, and the balance was paid to the guardian of the plaintiff, who was then a minor, and that part of that balance was expended by the guardian for the plaintiff's support and maintenance. The guardian resigned and a receiver of the estate of the minor was appointed, under the statute, and the balance of the proceeds of the sale remaining in the guardian's hands was paid to him. When the plaintiff attained his majority, the receiver settled with him and paid over the balance in his hands. The plaintiff admits the receipt of the money from the receiver, but he says that, upon taking it from him, he asked him if receiving the money would be a ratification of the sale made by W. C. Bowen, and that the receiver referred him to his attorney, a lawyer of high standing, who was familiar with all of the facts, and who advised him that it would not be a ratification of the sale, and that, acting upon the advice of the attorney, and with no actual intention of ratifying the sale, he accepted the money, and at the time of doing so he expressed his intention to bring this suit. This, it seems to us, is a fair and full statement of the facts to be gathered from the record in the case.

"It is perfectly clear that, notwithstanding what the plaintiff may have said, or what he intended at the time he took the money, which was a

part of the proceeds of the sale, his receipt of it was a ratification of the sale to the defendant and a complete waiver in law of all irregularities in the conduct of the sale, and of any lack of authority in Bowen, there may have been, for the reason assigned, that is, the absence of any request from Farmer to make the sale. When the plaintiff received the money he did something that was utterly inconsistent with his right to repudiate or disaffirm the sale."

This authority is affirmed as late as *McCullers v. Chatham,* 163 N. C., 64, in which appears the statement, pertinent here: "He could not accept the money derived from the sale, and at the same time reserve the right to repudiate the sale."

There must be a new trial, because of the erroneous instruction.

New trial.