J. L. PARKER v. B. R. HARRELL.

(Filed 8 October, 1924.)

**Vendor and Purchaser—Crops—Liens—Contracts—Waiver.**

Where one having a lien on a crop for advancements is informed by his lien debtor that he has sold a part of the crops to another, and the conditions of the sale, and the lien creditor accepts a part of the money thus obtained by his debtor, it is a ratification of the transaction, and he cannot recover the balance from the purchaser or assert his lien on the crops against him.

APPEAL from *Brown, J.,* at April Term, 1924, of BERTIE.

The issues submitted to the jury, with the answers thereto, are as follows:

1. What sum of money did the defendant pay to J. T. Holly for the peas?   Answer: $182.00.

2. Is the defendant indebted to the plaintiff, and if so, in what sum? Answer: Nothing.

The assignments of error relied upon by the plaintiff, who appealed from the judgment rendered, are set out in the opinion.

*Winston & Matthews for plaintiff, appellant.*
*Gilliam & Davenport and R. C. Bridger for defendant, appellee.*

CONNOR, J.   The plaintiff testified as a witness in his own behalf, that he had a lien upon the crops made by J. T. Holly during the year 1921 to secure an account for advancements. The balance due on the account was about $350.00; that Holly had sold a portion of said crop to the defendant for $182.00 and that the defendant had paid Holly $108.00 on the purchase price for said crops, leaving a balance due of $74.00.

Plaintiff further testified that Holly paid to him out of the cash payment made by defendant, to be credited on his account secured by the said lien, $75.00 and informed plaintiff at the time of making such payment of all the circumstances relative to the sale of the said crops; that plaintiff with this information, received from Holly the $75.00 and applied it as a credit on his account.

Plaintiff thereafter brought a suit before a justice of the peace against the defendant for $182.00 but upon the trial of this action in the Superior Court demanded judgment for only $74.00, the amount due by defendant to Holly for the said crops.

In apt time plaintiff requested the court to instruct the jury that if they believed all the evidence they should answer the second issue $74.00 and interest from 1 December, 1921. To the refusal of the court to so instruct the jury plaintiff excepted and assigned this as error.

The court instructed the jury that if they found the facts to be as testified by plaintiff, the plaintiff ratified the sale by Holly to the defendant Harrell and that they should answer the second issue nothing. To this instruction the plaintiff excepted and assigned same as error.

The law applicable to the facts in this case is stated by *Justice Allen* in *Wilkins v. Welch,* 179 N. C., 266, and fully sustains the instruction given by his Honor and his refusal to give the instruction requested. *Allen, J.,* cites and approves a statement of the law to be found in 9 Cyc., 387.

Plaintiff contends that the fact that Holly did not pay to plaintiff the full amount of the cash payment received from the defendant distinguishes this case from *Wilkins v. Welch, supra,* for that it appears from the facts stated in the report of that case that the mortgagor had paid to the mortgagee the full amount received by him for the sale of the property subject to mortgage. This distinction does not affect the principle involved. The plaintiff having accepted money derived from the sale with full knowledge of the facts relative to the sale, cannot now repudiate the sale. The defendant, by virtue of the said ratification, holds the crops released from plaintiff's lien. The balance due by defendant to Holly is a simple debt for which the defendant is not liable to the plaintiff. The plaintiff, by his act of receiving the money from Holly with knowledge of the facts, has ratified and confirmed the sale. *Norwood v. Lassiter,* 132 N. C., 57.

The exceptions upon which the assignments of error are based are not well taken.

No error.