E. A. BUCKNER v. C. I. T. CORPORATION.

(Filed 21 May, 1930.)

**1. Principal and Agent A d: Trial B b—Introduction of receipt reciting agency before proof of agency held not error in this case.**

The declarations of an 'alleged agent are incompetent to prove agency, but the order in which evidence may be introduced is a matter within the discretion of the trial court unless it is obvious that prejudice may result, and where the plaintiff introduces a receipt from the alleged agent containing a recital of the agency, and evidence of the agency is later offered without objection: *Held*, the defendant was not prejudiced by the order of the introduction of the evidence, and his exception based thereon will not be sustained on appeal.

**2. Principal and Agent A d—Evidence in this case held sufficient to establish prima facie fact of agency.**

Where there is evidence that an alleged agent has repeatedly collected money upon debts owed to the alleged principal, the inference is permissible that an agreement to this effect has been made, and the evidence is sufficient to make out a prima facie case of agency *aliunde* the declaration of the agent.

APPEAL by defendant from *Harris, J.,* at Special September Term, 1929, of BUNCOMBE.

In December, 1928, the plaintiff bought a Whippet sedan from Asheville Overland-Knight, Inc., at the price of $803.16. He paid $243, and gave the seller his note for $560.16, payable in twelve equal installments of $46.68, together with a retained title contract. On 19 January, 1929, he paid the seller the amount due and took a receipt therefor, which recited payment for the C. I. T. Corporation. The seller (Asheville-Overland-Knight, Inc.), thereafter made an assignment for the benefit of its creditors to the Wachovia Bank and Trust Company. The defendant claims to be a holder of the note and contract in due course.

The following verdict was returned:

1. Was the Asheville Overland-Knight, Inc., the agent for the purpose of collecting money for the C. I. T. Corporation on 19 January, 1929?

Answer: Yes.

2. Did the Asheville Overland-Knight, Inc., receive from E. A. Buckner on 19 January, 1929, the sum of $540 as the agent for the C. I. T. Corporation?

Answer: Yes.

Judgment for plaintiff and appeal by defendant.

*Harkins & Van Winkle for appellant.*

ADAMS, J.   The plaintiff recovered a judgment for the cancellation of his note and of the retained title contract and for the delivery to him of the unencumbered title to the sedan.   It therefore becomes necessary to determine whether the appllant's exceptions present good cause for a new trial or a reversal or modification of the judgment.

The receipt referred to in the statement of facts recites the plaintiff's payment to Asheville Overland-Knight, Inc., of $540 "for C. I. T. Corporation."   The appellant excepted for the assigned reason that this recital is a declaration of agency made by the agent and was inadmissible at least until agency had been established prima facie by other evidence. The declarations of an alleged agent, whether written or verbal, are, of course, incompetent to prove agency.   *Realty Co. v. Rumbough,* 172 N. C., 741; *Arndt v. Insurance Co.,* 176 N. C., 652.   But the order in which evidence may be introduced is a matter within the discretion of the judge unless it is obvious that prejudice may result; and as evidence of agency was afterwards offered without objection, we do not see how the defendant was prejudiced by the receipt.   The fourth exception presents the same question.

Several exceptions were taken to evidence tending to show that for some years Asheville Overland-Knight, Inc., had regularly collected money from its customers for the defendant.   From the testimony it was permissible to draw the conclusion that an agreement to this effect had been made by the two companies and that Asheville Overland-Knight, Inc., was, as the plaintiff contended, an agent for the collection of the note assigned by it to the defendant.

We find no error in the court's refusal to dismiss the action or in the instruction given the jury.   All the evidence for the plaintiff tended to show agency, and the only evidence introduced by the defendant was the retained title contract and certain paragraphs in the pleadings.