THE MORRIS PLAN INDUSTRIAL BANK v. C. V. HOWELL.

(Filed 22 April, 1931.)

1. **Bills and Notes G c—Upon plea of payment to drawer as agent of purchaser, evidence of agreement therefor between them held competent.**

   Where the plaintiff bank, the purchaser of a draft, brings action against the acceptor thereof, and the acceptor pleads payment to the drawer as the duly authorized collecting agent of the bank, evidence that the bank and the drawer had entered into an agreement providing that the bank would purchase, from time to time, drafts of the drawer accepted by its customers, and that the drawer would collect the money from its customers and account to the bank therefor, *is held* competent as tending to establish the fact of agency relied on by the defendant.

2. **Principal and Agent A d—Agency is presumed to continue in absence of anything to show revocation.**

   The appointment of an authorized agent to act in behalf of a principal will be presumed to continue in the absence of anything to show revocation.

3. **Bills and Notes G c—Upon plea of payment to drawer as agent of purchaser, evidence of prior collections by drawer as agent held competent.**

   Where the plaintiff bank, the purchaser of a draft, brings action thereon against the acceptor thereof, and the acceptor pleads payment to the drawer as the authorized collecting agent of the bank, evidence that pursuant to an agreement between them the drawer had for many years regularly collected money from its customers on drafts accepted by them and purchased by the plaintiff, and had accounted to the bank therefor, is held competent as tending to establish the fact of agency, and that the agency was in force at the time of the payment by the defendant to the drawer.

**4. Same—Records and conduct of bank held competent as tending to show ratification of employee's statement that bank was looking to drawer.**

A bank purchased an accepted draft from a dealer in automobiles given in part payment of the purchase price of an automobile by its customer, and in an action by the bank thereon there was evidence that an employee of the bank, after ascertaining from the drawer that the acceptor had paid him, told the acceptor that the bank would look to the drawer for payment: *Held*, entries on the books of the bank subject to inspection by its officers and directors showing that all payments on the draft after the date of the statement by the employee were paid by the drawer, and after that date the bank made no more demands upon the acceptor until the insolvency of the drawer, are competent as tending to show ratification by the bank of the statement of its employee.

APPEAL by defendant from *Stack, J.,* at September Term, 1930, of FORSYTH. Reversed.

This action to recover of the defendant on a negotiable instrument, in the form of a draft on which defendant was liable as an acceptor, was begun and tried in the Forsyth County Court before Efird, J., and a jury.

The defendant admitted his liability to the plaintiff on the draft, by reason of its acceptance by him, and of its negotiation, for value and before maturity, to the plaintiff by the drawer; he alleged in his answer, however, that he had paid the full amount of the draft to the drawer as agent of the plaintiff, the holder thereof, and that he was thereby discharged of his liability on the draft.

The facts shown at the trial are as follows:

On 2 March, 1929, the Lindsay Fishel Buick Company drew a draft on the defendant payable to its order on 2 March, 1930. The amount of the draft was $1,348. The draft was duly accepted by the defendant, and thereafter, for value and before maturity, was duly negotiated to the plaintiff by the Lindsay Fishel Buick Company.

The consideration for defendant's acceptance of the draft was the balance due by him on the purchase price of an automobile which he had purchased from the Lindsay Fishel Buick Company. This balance was payable, under the contract of sale, in monthly installments, the first installment being due and payable on 1 April, 1929.

The installment due and payable on 1 April, 1929, was paid by the defendant to the plaintiff as the holder of the draft. This payment was credited by plaintiff on the draft. Before the next installment was due and payable, the defendant traded the automobile which he had purchased from the Lindsay Fishel Buick Company, and received therefor another automobile and a check for $525. The check was delivered to and collected by the Lindsay Fishel Buick Company. A few days thereafter, the defendant sold the automobile which he had received in the

trade, and received therefor a check for $650. This check was also delivered to and collected by the Lindsay Fishel Buick Company. Both checks were delivered to said company by defendant as payments on the draft, which had been accepted by defendant and which was then held by the plaintiff. The balance due on the amount of the draft was paid by defendant to said company prior to 1 May, 1929. At the time these payments were made the Lindsay Fishel Buick Company informed the defendant that it would account to the plaintiff, as holder of the draft, and thereby procure the release of the automobile which it had sold to defendant and which defendant had traded, from the lien for the balance due on the purchase price at the date of the sale. All these transactions between the defendant and the Lindsay Fishel Buick Company were had prior to 1 May, 1929.

On or about 1 May, 1929, in response to a notice from plaintiff that the second installment on the purchase price of the automobile sold to him by the Lindsay Fishel Buick Company, was due and payable to plaintiff, as holder of the draft, defendant went to the office of the plaintiff, and there informed a clerk in plaintiff's employment, who had charge of the collection of notes and drafts owned by plaintiff, that he had paid the full amount due on the draft to the Lindsay Fishel Buick Company. The said clerk, in the presence of the defendant, called the office of the Lindsay Fishel Buick Company, on the telephone, and after a conversation with the secretary and treasurer of said company, said to the defendant: "That is all right, Mr. Howell. We will look to the Buick Company for the payment."

No other or further demand was made by the plaintiff on the defendant for payment of monthly installments on the purchase price of the automobile, or for payments on the draft, until after the appointment of a receiver of the Lindsay Fishel Buick Company, because of the insolvency of said company. From the date of the notice to plaintiff by the defendant, that defendant had paid the full amount of the draft to the Lindsay Fishel Buick Company prior to 1 May, 1929, to the date of the appointment of a receiver of said company, the Lindsay Fishel Buick Company paid the monthly installments due on the purchase price of the automobile, which it had sold to the defendant, to the plaintiff, as the same became due and payable. These payments were accepted by the plaintiff, and applied as credits on the draft. Entries on the books of the plaintiff made by its clerks, and subject to the inspection of its officers and directors, showed that these monthly payments were made by the Lindsay Fishel Buick Company and not by the defendant. After the application of the payment made by the defendant on 1 April, 1929, and of all monthly payments made thereafter by the Lindsay Fishel Buick Company, on the purchase price of the

automobile, as credits on the amount of the draft, the balance due thereon at the commencement of this action was $560.45.

The Lindsay Fishel Buick Company had been a depositor and customer of the plaintiff bank since some time during the year 1924 or 1925. There was evidence tending to show that when the account was opened between plaintiff and the said company, there was an agreement between them that the plaintiff would purchase from time to time notes executed and drafts accepted by the customers of the company, and that the company would collect from its customers amounts due on said notes and drafts, and account to plaintiff for all amounts collected; and that subsequent to said agreement, and pursuant thereto, plaintiff and said company had many transactions by which plaintiff purchased notes and drafts from said company, and said company collected and accounted to plaintiff for money collected from its customers on said notes and drafts. There was evidence tending to show that the draft sued on in this action was purchased and the money paid by defendant on said draft was collected by the Lindsay Fishel Buick Company pursuant to said agreement.

The issues submitted to the jury were answered as follows:

"1. Was the Lindsay Fishel Buick Company the agent of the plaintiff bank, with authority to receive for it the payments as alleged in the answer? Answer: Yes.

2. Did the plaintiff ratify and accept the payments made to the Lindsay Fishel Buick Company in its behalf by the defendant as alleged in the answer? Answer: Yes.

3. In what amount, if any, is the defendant indebted to the plaintiff? Answer: Nothing."

From judgment that plaintiff recover nothing of the defendant by this action, plaintiff appealed to the judge of the Superior Court of Forsyth County, assigning errors in the trial of the action in the Forsyth County Court.

At the hearing of the appeal by the judge of the Superior Court, plaintiff's assignments of error were sustained, and judgment was entered remanding the action to the Forsyth County Court for a new trial. From this judgment defendant appealed to the Supreme Court.

*Ratcliff, Hudson & Ferrell for plaintiff.*
*Parish & Deal for defendant.*

CONNOR, J. On its appeal from the judgment of the Forsyth County Court to the judge holding the Superior Court of Forsyth County, plaintiff assigned as errors in the trial of the action in the County Court, the admission, over its objections, of evidence tending to show (1) that there was an agreement in force at the time defendant paid to the

Lindsay Fishel Buick Company sums of money as payments on the draft sued on in this action, between the plaintiff and said company, by which said company was authorized by plaintiff to collect said sums of money, as agent of the plaintiff; (2) that prior to the payment of said sums of money to the said company by the defendant, the Lindsay Fishel Buick Company had collected from its customers money due on notes and drafts which the said company had sold to plaintiff, and had accounted to plaintiff for said money; and (3) that an employee of plaintiff had said to defendant that plaintiff would look to the Lindsay Fishel Buick Company for the payment of the draft on which defendant was liable to plaintiff by reason of its acceptance by him and its negotiation to plaintiff by the drawer.

These assignments of error were sustained by the judge. Defendant on his appeal to this Court from the judgment remanding the action to the Forsyth County Court for a new trial, contends that the judgment should be reversed, for error in sustaining plaintiff's assignments of error. This contention is sustained.

The evidence offered by defendant at the trial of the action in the Forsyth County Court, in support of his contention that the first and second issues submitted to the jury should be answered in the affirmative, was properly admitted.

An agency when shown to have existed will be presumed to have continued, in the absence of anything to show its revocation. 21 R. C. L., 822. There was no evidence tending to show that the agency resulting from the agreement between the president of the plaintiff bank and the Lindsay Fishel Buick Company, made in 1924 or 1925, with respect to the collection by said company of notes and drafts purchased by the plaintiff from said company, had been revoked. There was evidence of many transactions between the plaintiff and said company, subsequent to 1924 or 1925, and continuing to the date of the payment by defendant of the sums of money to the Lindsay Fishel Buick Company, by reason of and pursuant to said agreement. This evidence was admissible as tending to show that the agreement by which the Lindsay Fishel Buick Company was authorized to collect money for the plaintiff as its agent, was in force at the time defendant made the payments to said company on account of the draft sued on in this action.

The evidence tending to show that the Lindsay Fishel Buick Company had for many years regularly collected money from its customers as payments on notes and drafts which the said company had sold to the plaintiff, and had accounted to plaintiff for said money, was properly admitted as tending to show, as defendant contended, that the Lindsay Fishel Buick Company was the agent of plaintiff with authority to collect the money paid to said company by the defendant. *Buckner v. C. I. T. Corp.*, 198 N. C., 698, 153 S. E., 254.

21—200

The entries on the books of the plaintiff, made by its clerks and book-keepers, and subject to the inspection of its officers and directors, showing that all payments made to plaintiff on account of the draft sued on in this action, after 1 April, 1929, were made by the Lindsay Fishel Buick Company, together with the fact shown by all the evidence that after 1 May, 1929, the plaintiff made no demand on defendant for the payment of the monthly installments on the purchase price of the automobile, tended to show that plaintiff knew that its employee had told defendant that plaintiff would look to the Buick Company for the payment of the draft, and that defendant was relying upon this statement and this conduct of the plaintiff as a ratification by the plaintiff of the action of its agent, the Lindsay Fishel Buick Company in accepting from defendant payment in full of the amount of the draft.

The evidence submitted to the jury at the trial in the county court was amply sufficient to sustain the allegations in the answer of the defendant, and to support the verdict on which the judgment of said court was rendered. We find no error in the trial, and the judgment should be affirmed.

This action is remanded to the Superior Court of Forsyth County, with direction that the judgment of the Forsyth County Court be affirmed. The judgment remanding the action to the county court for a new trial is

Reversed.