This is an action to recover of the defendant, N.W. Greenhill, the automobile described in the complaint, and of the defendants, Swift Motor Company and C. A. Stell, the amount due on a note executed by the defendant, C. A. Stell, payable to the defendant, Swift Motor Company, and transferred and assigned by said Motor Company to the plaintiff.
The consideration for the note sued on was the balance due on the purchase price of the automobile described in the complaint. This automobile was sold to the defendant, C. A. Stell, by the defendant, Swift Motor Company, on or about 8 February, 1928. The note was secured by a conditional sale contract executed by the defendant, C. A. Stell, by which the title to said automobile was retained by the defendant, Swift Motor Company, until the note was paid in full. The conditional sale contract was duly recorded in Durham County on 9 February, 1928. *Page 610 
Both the note and the conditional sale contract were transferred and assigned by the defendant, Swift Motor Company, to the plaintiff, for value and before the maturity of the note. At the date of the commencement of this action, the plaintiff was the holder of both the note and the conditional sale contract. The amount due on the note was $703.80. No part of this amount had been paid by the defendant, C. A. Stell, the maker of the note, or by the defendant, Swift Motor Company, its endorser.
After the note and conditional sale contract had been transferred and assigned to the plaintiff, the defendant, C. A. Stell, delivered the automobile which he had purchased from the Swift Motor Company, and which is described in the conditional sale contract held by the plaintiff, to the defendant, Swift Motor Company, and received from said Motor Company, in exchange for said automobile, another automobile. Thereafter, on 29 March, 1929, the defendant, Swift Motor Company, with the consent of the defendant, C. A. Stell, sold said automobile to the defendant, N.W. Greenhill. The defendant, N.W. Greenhill, paid to the defendant, Swift Motor Company, as the purchase price for said automobile, the sum of $800.00, in cash. At the time he purchased and paid for said automobile, the defendant, N.W. Greenhill, had no actual notice of the title thereto held by the plaintiff, by virtue of the conditional sale contract. He had no such notice until 7 May, 1928, when he was informed by an agent of the plaintiff that plaintiff claimed title to the automobile by virtue of the recorded conditional sale contract.
Within a few days after the defendant, N.W. Greenhill, purchased the automobile, and paid to the defendant, Swift Motor Company, the sum of $800.00, in cash, as the purchase price therefor, the Swift Motor Company notified the plaintiff that the automobile described in the conditional sale contract executed by C. A. Stell, and then held by the plaintiff, had been sold to the defendant, N.W. Greenhill, and that said defendant had paid to it, as the purchase price for said automobile, the sum of $800.00, in cash. The plaintiff was instructed by the defendant, Swift Motor Company, to draw on said company, through the First National Bank of Durham, N.C. for the amount due on the note executed by the defendant, C. A. Stell, and then held by plaintiff. Pursuant to this instruction, plaintiff drew on the defendant, Swift Motor Company, for the amount which plaintiff claimed was due on the note. Plaintiff's draft was not paid because of the contention of the Swift Motor Company that the amount of the draft exceeded the amount due on the note. The controversy between plaintiff and the Swift Motor Company, with respect to the exact amount due on the note pended until 4 May, 1928. On this day the draft was returned to plaintiff *Page 611 
by the First National Bank of Durham. During the pendency of the controversy between plaintiff and the Swift Motor Company, for more than thirty days, the Swift Motor Company at all times had on deposit with the First National Bank of Durham, to its credit, a sum of money sufficient in amount, and available for the payment of the amount due on the note. During this time, the financial condition of the Swift Motor Company was bad. This condition was known to the plaintiff. On or about 4 May, 1928, the Swift Motor Company was duly adjudged insolvent, and upon such adjudication, a receiver was appointed for said company. The amount on deposit with the First National Bank of Durham to the credit of the Swift Motor Company, at the date of its adjudication as insolvent, was applied by said bank as a payment on its claims against the Swift Motor Company.
For several years prior to the transactions out of which this action arose, the Swift Motor Company, a corporation organized under the laws of this State, was engaged in business at Durham, N.C. as a dealer in automobiles. From time to time, the said company sold to the plaintiff, Commercial Credit Company, notes secured by conditional sales contracts executed by its customers for the balance due on the purchase price of automobiles. These notes were payable in monthly installments. Notices of payments due on these notes were sent to the makers by the plaintiff. In some instances the makers, in response to these notices, remitted direct to the plaintiff; in other instances, the makers paid the amounts due on the notes to the Swift Motor Company. From time to time, the Swift Motor Company remitted to the plaintiff the sums paid to said company by its customers on account of notes held by the plaintiff. Plaintiff received these sums from the Swift Motor Company, without objection, and applied the same as payments on said notes.
The plaintiff knew within two days after the defendant, N.W. Greenhill, bought and paid for the automobile, that said defendant had paid to the defendant, Swift Motor Company, the sum of $800.00, in cash, as the purchase price for the automobile. After plaintiff was instructed by the Swift Motor Company to draw on said company for the amount due on the note executed by the defendant, C. A. Stell, plaintiff looked to said company for the payment of said note; it made no demand on the defendant, C. A. Stell, or on the defendant, N.W. Greenhill, for the payments due on said note. Notwithstanding the controversy between plaintiff and the Swift Motor Company, with respect to the exact amount due on said note, the plaintiff did not "push" the Swift Motor Company for settlement, because it knew that said company was "hard up," and because it had other claims against said company which it did *Page 612 
not care to jeopardize. Plaintiff did not notify the defendant, N.W. Greenhill, that it claimed title to the automobile, until after a receiver of the Swift Motor Company had been appointed.
The only issue submitted to the jury involving the controversy between the plaintiff and the defendant, N.W. Greenhill, was as follows:
"1. Is the plaintiff entitled to the possession of the automobile described in the complaint?"
With respect to this issue, the court instructed the jury as follows:
"If you find the facts to be as testified and as shown by all the evidence, you should answer this issue, `Yes.'"
Under this instruction, the jury answered this issue, "Yes."
From judgment that plaintiff is the owner and entitled to the possession of the automobile, the defendant, N.W. Greenhill, appealed to the Supreme Court.
At the trial of this action in the Superior Court, the defendant, N.W. Greenhill, contended that there was evidence tending to show facts from which the jury could reasonably infer that the defendant, Swift Motor Company, was the agent of the plaintiff, Commercial Credit Company, and as such agent received the money paid to it by the defendant, N.W. Greenhill, as the purchase price of the automobile, for and in behalf of the plaintiff. On his appeal to this Court, the said defendant contends that for this reason it was error for the trial court (1) to decline to submit to the jury issues tendered by him involving this contention; and (2) to instruct the jury in effect, to answer the first issue submitted to the jury by the court, "Yes."
The contentions of the defendant in this Court are supported by the decisions in Bank v. Howell, 200 N.C. 637, 158 S.E. 203, and in Bucknerv. C. I. T. Corporation, 198 N.C. 698, 153 S.E. 254. In these cases it is held that where there is evidence tending to show that an alleged agent has repeatedly collected money upon debts owed to the alleged principal, and the alleged principal has received the money collected by the alleged agent, and applied same as payments on his debts, the inference is permissible that an agreement to that effect had been made by and between them, and that the evidence is sufficient to make out a prima facie case of agency. On this principle, it was error for the trial court to instruct the jury in effect to answer the first issue, "Yes," and to decline to submit to the jury the issues tendered by the defendant, N.W. Greenhill. For these errors the defendant is entitled to a new trial. *Page 613 
Whether the principle on which the appeal in Wilkins v. Welch,179 N.C. 266, 102 S.E. 316, was decided, is applicable in the instant case, need not now be decided. In one aspect of this case, it seems that the principle may be applicable and determinative of the right of the plaintiff to recover the automobile of the defendant, N.W. Greenhill.
New trial.