GENERAL MOTORS ACCEPTANCE CORPORATION v. J. L. FLETCHER.

(Filed 27 January, 1932.)

**Principal and Agent A a—Evidence in this case held sufficient to raise prima facie case of agency for collection.**

Where there is evidence that an alleged agent has repeatedly collected money owed to the alleged principal, and that the alleged principal has received the money and applied it to the debts, it is sufficient to make out a prima facie case of agency, and where, in an action by a credit company on a note transferred to it, the defendant offers evidence of payment to the automobile dealer who had transferred the note to the plaintiff, together with such evidence of agency, and the jury finds the fact of agency in favor of the defendant: *Held*, a judgment entered thereon that the plaintiff recover nothing on the note is correct.

APPEAL by plaintiff from *Oglesby, J.,* at September Term, 1931, of FORSYTH. Affirmed.

This is an action to recover on a negotiable instrument executed by the defendant, payable to the order of the Lindsay Fishel Buick Company, and negotiated for value and before maturity by the said Buick Company to the plaintiff.

The action was begun and tried in the Forsyth County Court. The issues submitted to the jury were answered as follows:

"1. Did the defendant execute and deliver to the Lindsay Fishel Buick Company his written obligation as alleged in the complaint? Answer: Yes, by the court upon the pleadings.

2. Did the Lindsay Fishel Buick Company transfer said written obligation to the General Motors Acceptance Corporation before maturity, and for value, as alleged in the complaint? Answer: Yes, by the court upon the pleadings.

3. Was the Lindsay Fishel Buick Company the agent of the plaintiff, General Motors Acceptance Corporation, with authority express or implied, to receive for it the payments as alleged in the answer? Answer: Yes.

4. Did the defendant, J. L. Fletcher, pay to the Lindsay Fishel Buick Company, as agent for the plaintiff, the amount of said written obligation, as alleged in the answer? Answer: Yes.

5. In what amount, if any, is the defendant indebted to the plaintiff? Answer: Nothing."

From judgment that plaintiff recover nothing of the defendant, plaintiff appealed to the judge of the Superior Court of Forsyth County. Its assignments of error on this appeal were not sustained.

From judgment affirming the judgment of the Forsyth County Court, plaintiff appealed to the Supreme Court.

*Shuping & Hampton for plaintiff.*                                     .ʼ ‾.
*Parrish & Deal for defendant.*

CONNOR, J. On its appeal to this Court, plaintiff relies on its assignments of error based on its exceptions to the rulings of the judge of the Superior Court on its appeal from the judgment of the county court with respect to its exceptions at the trial pertinent to the third issue. In view of the admissions in the pleadings, this is the determinative issue in this action. The execution by the defendant of the negotiable instrument sued on in this action, its transfer by the endorsement of the Lindsay Fishel Buick Company for value and before maturity to the plaintiff, and the payment of the amount of said instrument by the defendant to the Lindsay Fishel Buick Company, after its transfer and before its maturity, are admitted. The defense interposed by the defendant is that the Lindsay Fishel Buick Company was the agent of the plaintiff, for the collection of said instrument, and that therefore the payment of the same by the defendant to the said Buick Company discharged the defendant from liability on the instrument.

There was evidence at the trial tending to show that the Lindsay Fishel Buick Company was the agent of the plaintiff, as alleged in the answer; this evidence with evidence offered by the plaintiff to the contrary was submitted to the jury under instructions which are free from error.

The judgment is affirmed under the authority of *Credit Co. v. Green-hill*, 201 N. C., 609, 161 S. E., 72; *Bank v. Howell*, 200 N. C., 637, 158 S. E., 203, and *Buckner v. C. I. T. Corporation*, 198 N. C., 698, 153 S. E., 254. In these cases it is held that where there is evidence tending to show that an alleged agent has repeatedly collected money upon debts owed to the alleged principal, and the alleged principal has received the money collected by the alleged agent, and applied the same as payments on his debts, the inference is permissible that an agreement to that effect had been made by and between them, and that the evidence is sufficient to make out a prima facie case of agency. This principle is applicable in the instant case. There was no error in the judgment affirming the judgment of the county court. It is

Affirmed.