## LEE BROS. CO. v. FLEISHBEIN.
### No. 5127.

Circuit Court of Appeals, Seventh Circuit.
June 6, 1934.

Rehearing Denied July 16, 1934.

Joseph Martin, of Green Bay, Wis., for appellant.

William T. Gill, of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

Determination of this appeal turns upon the effect we must give to the facts which are herewith briefly stated:

Beginning in 1926 appellant executed its several notes (which ran for three months) to the bank. They were renewed every three months (twenty-three times in all) by taking up the notes when they became due and executing new ones. Appellee purchased one of these notes and took a new one when a due note was paid. Appellant did not know that its notes had passed out of the possession of the bank.

On October 25, 1931, the note sued upon was executed. Like its predecessors it ran "to O. M. Kiley, cashier, or order" and was due ninety days after date. On its back there was an endorsement or guarantee executed by the bank, and it was delivered to appellee on or about the date of its execution. As it became due appellee who lived in California sent the note to the bank for collection. His letter bearing date of January 25, 1932, read as follows:

"Please find enclosed Lee Bros. Co. Paper 10/25/31 for 90 days, $5000 * * * will appreciate your early attention."

The letter and note were received by Mr. Kiley in De Pere, Wisconsin, January 29, 1932. They were placed by him "on his desk or in the collection box." The bank closed on February 15, 1932.

On January 21, 1932, Mr. Lee, secretary of appellant, paid Mr. Kiley $2,000 to be applied on the note. On January 25, the maturity date, he paid $500 on account of the principal and executed a new note for $2,500

which the bank discounted. At this time Mr. Kiley produced a copy of the note in issue, stamped it paid, and told Mr. Lee that the original note was in the Federal Reserve Bank. Mr. Kiley said:

"I will stamp this paid, and give it to you as a receipt, and the original will probably be in in a few days."

The duplicate note thus stamped "Paid" was received in evidence. The aforementioned $2,500 note which appellant gave to the bank was paid by appellant to the receiver on March 14, 1932.

Numerous letters tended to show that after appellee left Wisconsin and went to California, the bank acted for him in various business matters including the looking after of his real estate, collecting rents, paying taxes and insurance, adjusting fire loss, rendering services in selling a farm, and investing the proceeds. The bank was also authorized to invest certificates of deposit and reinvest moneys obtained from the sale of a note of the Oneida Knitting Company.

The bank had possession of the note in suit and the money with which to pay it for fifteen days before it closed its doors. Thereafter, appellee demanded the return of the note to him, and the receiver complied with the request. From January 21, 1932, to January 29, 1932, the bank had cash on hand in excess of $5,000.

Upon this fact statement was there a payment of the debt? To affirmatively answer this question, a court must conclude (a) that the bank was the agent of appellee when it received the money or (b) that the delivery of the money to the bank in payment of the note followed by the bank's obtaining possession of the note for collection constituted payment.

■ (a) The evidence was such, we think, as to have necessitated a finding that the bank was appellee's agent to receive the money in payment of the note. No other conclusion is fairly deducible from the numerous letters written by appellee, all requesting or directing the bank to act for him. True, these letters were informal—such as might be expected between old friends who had long maintained the relationship of banker and depositor. The latter had moved from Wisconsin to California to live. His property investments were (at least in large part) in

Wisconsin. In these letters he requested his banker to look after his business in all its details. Among other things he sent on his notes to the bank for collection. He left it to the bank to reinvest the money using its own judgment. Its discretion was apparently unrestricted. Appellee had acquired the note in question from the bank. The bank had collected the principal and interest on the previous notes of the same party, had remitted the interest and forwarded the renewal notes to appellee. It is quite impossible to avoid the conclusion that when the bank notified appellant to pay its note on the due date it was acting for appellee and with the implied authority so to do.[1]

■ (b) In disposing of this appeal it is not necessary, however, to place the decision on the ground that the bank was the agent of the holder of the note to collect the moneys due thereon prior to the receipt of the note by the bank from appellee. We prefer to place our decision on the ground that appellee's sending the note to the bank for collection, together with the further fact that appellant paid the money to the bank in satisfaction of the debt, constituted payment.

Neither the stamping of a note as "Paid" nor the delivery of it to the maker constitutes payment. Either act might evidence payment, but neither is payment. Payment of a debt evidenced by a note occurs when the debtor or his agent delivers and the creditor or his agent receives money in satisfaction of a recognized existing indebtedness. In the absence of proof showing that the bank acted as appellee's agent to collect the note when appellant paid the money to it, the delivery of the money to the bank was not payment of the debt. When, however, the note arrived a few days later, the satisfaction of the debt through payment occurred. It occurred because the bank received the money in payment of the note, and the bank also received the note for collection. After the note arrived, the bank was in legal effect the representative of the owner. As the representative of the owner, it had the note for collection. It also had the money in its possession for payment of the note. The act of the agent of the owner in possessing itself of the money was the act of the owner so far as payment was concerned.

The judgment is reversed and the cause remanded for a new trial.

[1] See Catlin v. Reed, 141 Okl. 14, 283 P. 549, 67 A. L. R. 1410; Cheshire Provident Inst. v. Feusner, 63 Neb. 682, 88 N. W. 849; Springfield Nat. Bank v. Jeffers, 266 Mass. 248, 165 N. E. 474; Morris Plan Industrial Bank v. Howell, 200 N. C. 637, 158 S. E. 203; Hahn v. Alexander, 87 Colo. 353, 287 P. 855; First Nat. Bank v. Hessell, 133 Wash. 643, 234 P. 662.